UNITED STATES, Appellee,

v.

James P. DUE, Machinist's Mate Second Class, U.S. Navy, Appellant.

No. 52,949.

NMCM 85–1928.

U.S. Court of Military Appeals.

March 24, 1986.

For Appellant: *Lieutenant Daniel D. Downing,* JAGC, USNR (argued); *Lieutenant Commander James J. Quigley,* JAGC, USN (on brief); *Major Michael E. Canode,* USMC.

For Appellee: *Captain Carl H. Horst,* JAGC, USN (argued); *Major J. S. Uberman,* USMC (on brief); *Commander Michael P. Green,* JAGC, USN.

*Opinion of the Court*

EVERETT, Chief Judge:

A special court-martial convened by the commanding officer of the USS WADDELL, the ship to which appellant was assigned, found him guilty of unauthorized absence and missing movement, in violation of Articles 86 and 87, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 887, respectively. His sentence to a bad-conduct discharge, confinement for 90 days, forfeiture of $400.00 pay per month for 3 months, and reduction to pay grade E-1, was approved by the convening authority but, pursuant to a pretrial agreement, the discharge and reduction were suspended for 6 months and confinement in excess of 29 days was commuted to the equivalent of a restriction. The Court of Military Review affirmed the approved findings and sentence, whereupon Due petitioned this Court. We granted review to determine whether the review procedure employed in appellant's case complied with the Uniform

Code and the Manual for Courts-Martial, United States, 1984.[1]

The issue before us is generated by instructions[2] from the Naval Surface Force, United States Pacific Fleet (NAVSURF-PAC), a command superior to the USS WADDELL. Those regulations provide that in special court-martial cases involving a bad-conduct discharge, after authentication and service of a copy of the record of trial on the accused or his counsel, the "trial counsel will forward the original record of trial and three copies to the officer exercising general court-martial jurisdiction (OEGCMJ) over the accused." Art. 203.2b. The instruction gives directions for "determining the cognizant OEGCMJ" and emphasizes that "the need for expeditious resolution of the case is the principal consideration." Art. 203.3b. After the staff judge advocate of the officer exercising general court-martial jurisdiction reviews the record of trial, he is to prepare a recommendation pursuant to Article 60(d) of the Uniform Code, 10 U.S.C. § 860(d); have a copy of that recommendation "served on counsel for the accused; ... prepare a convening authority's action and court-martial order; and ... forward these documents along with the record of trial to the convening authority for his action." Art. 203.4a.

Until the Uniform Code was amended by the Military Justice Act, Pub.L.No. 98–209, 97 Stat. 1393 (1983), the record of a trial by special court-martial in which the accused was sentenced to a bad-conduct discharge, whether or not suspended, was initially reviewed by the convening authority and usually was then reviewed by "the officer exercising general court-martial jurisdiction over the command" just "as a record of trial by general court-martial" would be. See Arts. 60, 65(b), and 61, UCMJ, 10 U.S.C. §§ 860, 865(b), and 861, respectively. In connection with taking his action, the officer exercising general court-martial jurisdiction would obtain a "written opinion" from "his staff judge advocate or legal officer." See Arts. 61 and 65(b). Then, after action had been taken, the record was sent to the Court of Military Review for further examination. See Art. 65(b).

In order to reduce the paperwork and delay involved in post-trial review of courts-martial, the Military Justice Act eliminated the requirement for a formal staff judge advocate's review in cases tried by general courts-martial and in bad-conduct discharge cases tried by special courts-martial. See S.Rep. No. 53, 98th Cong., 1st Sess. 17–20 (1983). Because a less extensive and less technical review of such cases was required in the field, there was less occasion for any special court-martial cases to be considered and acted upon by the commander exercising general court-martial jurisdiction over the accused—a commander who normally would have a lawyer on his staff. Instead, the 1983 legislation authorized the convening authority to act on a special court-martial case involving a bad-conduct discharge and then transmit the record of trial directly for review by the Court of Military Review. See Arts. 60 and 65(a) (as amended) and 66, UCMJ, 10 U.S.C. §§ 860, 865(a), and 866, respectively.

However, Congress still required the convening authority of the special court-martial that had adjudged a bad-conduct discharge to "obtain and consider the written recommendation of the staff judge advocate or legal officer." See Art. 60(d). The term "legal officer," as used in the Code, "means any commissioned officer of the Navy, Marine Corps, or Coast Guard designated to perform legal duties for a command," see Art. 1(12), 10 U.S.C. § 801(12). Thus, a convening authority—such as the commanding officer of the USS WADDELL—could "obtain ... the written rec-

---

1. The specific language of the issue is:
   WHETHER MANDATORY PROCEDURE ESTABLISHED BY A SUPERIOR AUTHORITY FOR REVIEW OF GENERAL COURTS–MARTIAL AND BAD–CONDUCT SPECIAL COURTS–MARTIAL DEPRIVES THE APPEL-

LANT OF SUBSTANTIVE MILITARY PROCEDURAL DUE PROCESS OF LAW.

2. Appellee's motion for leave to file additional document is denied.

ommendation of" his "legal officer," who typically would be a nonlawyer, and then, after acting on the case, forward the record of trial directly for review by the Court of Military Review. Arts. 65(a) (as amended) and 66(b). Under these circumstances, the record would not go through a superior command or be reviewed by the staff judge advocate of an officer exercising general court-martial jurisdiction or by any other lawyer until it reached the Court of Military Review.

Consistent with the codal amendments, the 1984 Manual for Courts-Martial provides that, before acting "on a record of trial by general court-martial or a record of trial by special court-martial which includes a sentence to a bad-conduct discharge," the convening authority shall receive "a recommendation" from his "staff judge advocate or legal officer." R.C.M. 1106(a). According to the Manual, "[t]he purpose of the recommendation ... is to assist the convening authority to decide what action to take on the sentence in the exercise of command prerogative." R.C.M. 1106(d)(1). It "shall include concise information as to:" the findings and sentence; the accused's service record; "the nature and duration of any pretrial restraint"; the requirements of any pretrial agreement; and "[a] specific recommendation as to the action to be taken by the convening authority on the sentence." A "recommendation ... prepared by a staff judge advocate"—as distinguished from a "legal officer"—"shall state whether ... corrective action on the findings or sentence should be taken when an allegation of legal error" has been raised by the defense "or when otherwise deemed appropriate by the staff judge advocate." R.C.M. 1106(d)(4).

R.C.M. 1106(c)(2) deals with the situation where *"the convening authority has a legal officer"* on his staff but nonetheless desires *"the recommendation of a staff judge advocate."* Under such circumstances, "the convening authority may, *as a matter of discretion,* request designation of a staff judge advocate to prepare the recommendation." (Emphasis added.)

Presumably the commanding officer of the USS WADDELL had a "legal officer." However, pursuant to the NAVSURFPAC instruction, he was required to transmit the record of trial to the staff judge advocate of an officer exercising general court-martial jurisdiction; and this lawyer would provide him the "recommendation" required by Article 60(d) of the Code.

According to appellant, this requirement negates the discretion conferred upon the convening authority by R.C.M. 1106(c). Moreover, he contends that in practical effect, the convening authority will feel obligated to take the action recommended by the staff judge advocate—who usually will be on an admiral's staff and often will outrank the convening authority. On the other hand, the convening authority would feel much more at liberty to disregard a "recommendation" provided by a "legal officer" who is one of his own subordinates. Due contends that he was more likely to have received favorable clemency action from the convening authority if that official had been unfettered by the recommendation from the staff judge advocate of the officer exercising general court-martial jurisdiction.

The literal language of R.C.M. 1106(c)(2) supports appellant's position because it confers upon the convening authority full discretion whether to rely on the recommendation of his own "legal officer"—a nonlawyer—or to obtain the recommendation of a lawyer—the staff judge advocate. However, it would appear that the President conferred this discretion on the convening authority so that action on a case could be concluded more rapidly in the field and the record could then be transmitted directly for review by the Court of Military Review. Probably, it was assumed that a commanding officer would welcome the advice of a trained lawyer if one were available but that usually the burden of obtaining this professional advice would be too great. The convening authority would decide whether the complexity of the case required the delay involved in obtaining a lawyer's "recommendation."

The Commander of NAVSURFPAC has determined on a blanket basis that, for all special court-martial cases involving bad-conduct discharges, a staff judge advocate should examine the record and make the recommendation to the convening authority. In this way, errors in preparing and assembling the record of trial can be detected in the field and legal errors can be promptly corrected. We do not believe that the intent of Congress or of the President is thwarted by this arrangement. Certainly, the Commander of NAVSURFPAC could advise the convening authorities under his jurisdiction that a staff judge advocate would be available to make the necessary post-trial recommendation if the convening authority so desired, and could designate which staff judge advocate would handle the case under various conditions that might result from redeployment and reassignment of vessels. Although here the commander went further and *required* the convening authority to use the designated staff judge advocate, we do not believe that the independence of the convening authority was materially curtailed.

If it appeared that the Commander of NAVSURFPAC instituted this procedure in order to inhibit command prerogative or the discretion conferred upon the convening authority by the Code, we would take a different view. Although we have allowed an officer exercising general court-martial jurisdiction to withdraw and rerefer charges referred by a convening authority to a special court-martial, *United States v. Blaylock*, 15 M.J. 190 (C.M.A.1983), we shall not permit a superior commander to dictate how a convening authority exercises his discretion in acting on a special court-martial. According to the Code, if the convening authority acts on a case after trial, it must be in the exercise of his discretion rather than someone else's. However, the present case does not involve any intentional interference. Instead, the purpose of the superior commander seems benign; and in many instances an accused may benefit from having the record reviewed in the field by a trained lawyer.

So far as we can determine, Congress did not eliminate the statutory requirement for a staff judge advocate's review because it felt that such reviews were harmful or unduly limited the discretion of convening authorities. Instead, the cost and delay involved in obtaining the review was the cause of concern. If the Commander of NAVSURFPAC has enough lawyers available to prepare the Article 60(d) recommendations without delay and without depriving him of lawyers he needs for other purposes, we do not believe that the Code or Manual is violated. However, to avoid any possible misunderstanding in the future, we believe that the recommendation from the staff judge advocate should make perfectly clear that it is only a "recommendation"; that it is not binding on the convening authority; and that any proposed action and court-martial order are only a suggestion which may be disregarded or modified by the convening authority in his discretion.

In the present case, we perceive no indication that the staff judge advocate who prepared the recommendation either coerced or intended to coerce the convening authority into taking any particular action. As a matter of fact, the post-trial action by the convening authority conformed to a pretrial agreement which he had entered into with the accused before the staff judge advocate had any involvement in the case. Accordingly, the review procedure employed here did not violate the intent of the Code or the Manual.

The decision of the United States Navy-Marine Corps Court of Military Review is affirmed.

Judge COX concurs.