UNITED STATES

v.

**Mark E. CASTELLANI, Seaman Apprentice, U.S. Coast Guard.**

CGCMS 23739.
Docket No. 862.

U.S. Coast Guard Court of Military Review.

25 April 1986.

Trial Counsel: LT Page Croyder, USCGR.

Assistant Trial Counsel: LT Joseph F. Ahern, USCG.

Defense Counsel: LCDR R.T. Buckingham, USCG.

Assistant Defense Counsel: LT Thadeus J. Rozanski, USCG.

Appellate Defense Counsel: LCDR Robert W. Ferguson, USCG, LT Keith M. Harrison, USCGR, CDR John E. Shkor, USCG, LCDR Robert Bruce, USCG.

Appellate Government Counsel: LT Christena G. Green, USCGR, LCDR Thomas J. Donlon, USCG.

## EN BANC DECISION

BAUM, Chief Judge:

Appellant has assigned seven errors before this Court. Assignment IV, which asserts prejudice and denial of due process of law resulting from inordinate delay in the post trial review of the case, was orally argued and will be addressed. The remaining assignments have been considered and are rejected.

██ In assignment of error IV, appellant makes two distinct arguments. The first relates to delay prior to the action of the convening authority; the other applies to subsequent delay at the appellate level. With respect to the 263 days of elapsed time from sentencing to action by the convening authority on the record, we note that, while the period is long, there are explanations for large portions of the time. Almost half the period was devoted to transcription of the verbatim record of trial at a time when there appears to have been an unusually large number of cases undergoing reporting and transcribing by the reporters assigned to the convening authority. The remainder of the delay included approximately one month for the judge to authenticate the record; another month to afford defense counsel the opportunity to examine the record; approximately a month and a half for preparation of the detailed legal officer's review required in all cases before the effective date of the latest amendments to the Uniform Code of Military Justice; and, thereafter, another three weeks for the convening authority to act, after considering the legal officer's

review and the defense counsel's comments.

While delay of such length may be characterized as inordinate, there has been some attempt to explain the time taken for transcription, authentication, and review of this contested trial's 212 page record. Most importantly, the prejudice that appellant says he has suffered does not result from any delay. In a letter from appellant attached to the brief in his behalf he says that his fiancee in Maryland called off their marriage because she believed his job opportunity would be limited due to the adjudged bad conduct discharge. No contention was made that delay in the review of his case affected her decision. Confronted with the termination of marriage plans, appellant relocated to Arkansas while on appellate leave, which had been granted at his request, and purportedly had trouble getting the job he would have liked as a firefighter, because he had not "officially been discharged." Attachments to the Government's brief reveal that appellant failed to score high enough on a civil service examination to be considered for employment with the fire department. Furthermore, he attempted to assure that neither lack of a discharge nor his court-martial conviction would affect his chances by affirmatively stating on his application that he had been discharged and that he had never been convicted of a felony. We find as fact that appellant was not prejudiced in obtaining employment as a firefighter because of the lack of finality of his court-martial conviction and sentence and that post-trial action, or lack thereof, played no part in his fiancee's decision not to marry him.

The remainder of the delay asserted by appellant has occurred after commencement of the appellate process before this Court. With respect to appellant's contentions in this regard, we consider *U.S. v. White*, 19 M.J. 662 (C.G.C.M.R.1984) dispositive. In addition, we find no authority or reason for application of the measures taken in *U.S. v. Clevidence*, 14 M.J. 17 (C.M.A. 1982) and its progeny to the delays occasioned at this level of appellate review. Moreover, we find that appellant has suffered no prejudice of either the kind found in *Clevidence, supra* or in *U.S. v. Gray*, 22 U.S.C.M.A. 443, 47 C.M.R. 484 (1973); that is, prejudice in finding a job or error in the proceedings that requires a rehearing at which appellant would be prejudiced because of the delay.

Appellant was convicted at trial of a very serious offense, introduction and sale of cocaine aboard a U.S. Coast Guard Cutter. The evidence convinces us, as it did the trial court, that appellant is guilty beyond a reasonable doubt. For this offense, he received a bad conduct discharge, confinement at hard labor for 30 days and reduction in rate to E–1, a sentence significantly below the maximum authorized. Now, he contends that the findings and sentence should be disapproved because of delay in the review of his case. As this Court said in *U.S. v. White, supra*, "We conclude that, under the circumstances of this case, the delay, although lengthy, is not unexplained and prejudice to the appellant has not been adequately demonstrated to warrant either dismissal of the charges or sentencing relief." [1]

We find no error materially prejudicial to the substantial rights of the accused. The findings and sentence are correct in law and fact. Accordingly, the findings and sentence as approved below are affirmed.

Judges BRIDGMAN, LYNN and GRACE concur.[*]

---

1. *Id.* at 671

* Judges Burgess and Reining did not participate in the decision in this case. Judge Holland was present during oral argument but retired from active duty in the United States Coast Guard before final action was taken in the case.