**UNITED STATES**

v.

**Clifford S. PAYNE, Subsistence Specialist Third Class, U.S. Coast Guard.**

**Docket No. 880.
CGCMS 23804.**

U.S. Coast Guard Court of Military Review.

30 April 1986

Trial Counsel: LCDR R.G. Blythe, USCG.

Individual Military Counsel: LCDR G.W. Palmer, USCG.

Appellate Defense Counsel: LCDR Robert Bruce, USCG.

Appellate Government Counsel: LCDR Thomas J. Donlon, USCG.

### DECISION

LYNN, Judge:

Appellant was tried by a military judge sitting as a special court-martial. Pursuant to his pleas entered in accordance with a pretrial agreement, he was found guilty of using marihuana and cocaine and introducing cocaine onto his unit with the intent to distribute it, all violations of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934.

A recommendation intended to comply with Article 60(d), Uniform Code of Military Justice, 10 U.S.C. § 860(d), and Rules for Courts-Martial 1106, Manual for Courts-Martial, United States, 1984, was prepared. As recommended, in order to comply with the pretrial agreement, the convening authority approved the findings and only so much of the sentence as provides for a bad-conduct discharge and reduction to pay grade E–2. That is the sentence we are considering following a proper referral to this court. We note that the original (22 January 1985) referral for review is subject to an erroneous interpretation that the sentence initially approved by the convening authority included confinement at hard labor.

Appellant raised the following assignment of error:

THE LEGAL OFFICER'S RECOMMENDATION WAS PREPARED AND SIGNED BY AN OFFICER WHO WAS NOT A STAFF JUDGE ADVOCATE OR A LEGAL OFFICER AS REQUIRED BY ARTICLE 60(d), UCMJ, AND RCM 1106 OR THE OFFICER WAS IMPROPERLY ASSIGNED AS LEGAL OFFICER

The recommendation was prepared and signed by a Coast Guard law specialist from the staff of the District Legal Officer, Seventh Coast Guard District. An assignment letter signed by the District Legal Officer and dated 19 December 1984 includes direction of copies to trial counsel, individual military counsel, and the convening authority's command. A copy of the recommendation was served on individual military counsel on the same day. Appellate defense counsel was detailed in the original 22 January 1985 referral to this Court. Because of a remand, appellant had until 29 March 1985 to comment on the recommendation itself or "any other matter." R.C.M. 1106(f)(4). Neither defense counsel raised any issues before the convening authority's action on 29 March. Because of appellant's inaction the issue now raised could be deemed to have been waived. We choose, however, to address appellant's assignment of error in this first Coast Guard case to be decided on this point.

The law specialist who prepared the recommendation used the title of "Assigned Legal Officer" which is consistent with the assignment letter. The established practice in the Coast Guard is for "legal officer" to mean a law specialist who is the principal legal adviser of a command. We will recognize that practice while the Coast Guard moves toward the terminology now being used by Congress and the President in the Uniform Code of Military Justice and Manual for Courts-Martial. " 'Legal Officer' means any commissioned officer of the Navy, Marine Corps, or Coast Guard designated to perform legal duties for a command." Article 1(12), Uniform Code of Military Justice, 10 U.S.C. § 801(12). " 'Staff judge advocate' ... means the principal legal advisor of a command in the Navy and Coast Guard who is a judge advocate." R.C.M. 103(17). " 'Judge Advocate' means ... an officer of the Coast Guard who is designated as a law specialist." Article 1(13), Uniform Code of Military Justice, 10 U.S.C. § 801(13).

Appellant's statement that the convening authority does not have his own staff judge advocate or legal officer is accepted as an accurate description of the routine state of affairs at the command for purposes of this decision. It is the routine state of affairs at most Coast Guard commands.

The recommendation is a product of the Military Justice Act of 1983. The act abolished the staff judge advocate's legal review which had been prepared at the general court-martial convening authority level where the Coast Guard had, and has, staff judge advocates. Article 60(d), as added to the Uniform Code of Military Justice, includes:

Before acting under this section on any general court-martial case or any special court-martial case that includes a bad-conduct discharge, the convening authority or other person taking action under this section shall obtain and consider the written recommendation of the staff

judge advocate or legal officer. The convening authority or other person taking action under this section shall refer the record of trial to his staff judge advocate or legal officer, and the staff judge advocate or legal officer shall use such record in the preparation of his recommendation.

As applied to the case at hand, a recommendation is required at the special court-martial convening authority level where the Coast Guard rarely has staff judge advocates and, in fact, had neither a staff judge advocate nor a legal officer. R.C.M. 1106(c) provides:

(c) *When the convening authority has no staff judge advocate.*

(1) *When the convening authority does not have a staff judge advocate or that person is disqualified.* If the convening authority does not have a staff judge advocate or legal officer, or if the person serving in that capacity is disqualified under subsection (b) of this rule or otherwise, the convening authority shall:

(A) Request the assignment of another staff judge advocate or legal officer to prepare a recommendation under this rule; or

(B) Forward the record for action to any officer exercising general court-martial jurisdiction as provided in R.C.M. 1107(a).

(2) *When the convening authority has a legal officer but wants the recommendation of a staff judge advocate.* If the convening authority has a legal officer but no staff judge advocate, the convening authority may, as a matter of discretion, request designation of a staff judge advocate to prepare the recommendation.

R.C.M. 1106 is implemented for the Coast Guard by the following:

Prior to taking action on the record of a ... special court-martial in which a bad conduct discharge was adjudged, the convening authority ... shall obtain the recommendation of his or her law specialist. R.C.M. 1106. When a convening authority has no qualified law specialist, he or she shall forward the record for action to the officer exercising general court-martial jurisdiction, or request the officer exercising general court-martial jurisdiction to designate a law specialist to prepare the recommendation. Such officer may be the district legal officer of the officer exercising general court-martial jurisdiction, or any law specialist on his or her staff who is not otherwise disqualified by their prior participation as counsel or investigating officer in the case or a related one. The officer exercising general court-martial jurisdiction may request Commandant (G–LMJ) to designate a law specialist if no qualified officer is available on his or her staff.

Coast Guard Military Justice Manual (COMDTINST M5810.1A), 506–1(b).

Using current Uniform Code of Military Justice and Manual for Courts-Martial definitions set out above, the convening authority in the case at hand is directed by the Coast Guard Military Justice Manual to either get a staff judge advocate for his command or send the record to a convening authority who has a staff judge advocate. Beyond that, the provision simply describes an orderly chain-of-command related supply system for the special court-martial convening authority who is the one required to obtain and consider the recommendation before acting on a court-martial that adjudged a bad-conduct discharge.

Appellant emphasizes the word "another" in R.C.M. 1106(c)(1)(A) and argues that the person preparing the recommendation when the convening authority has no staff judge advocate or legal officer must be *the* staff judge advocate or legal officer from *another* command. It is not enough in appellant's view that the person preparing the recommendation be a "junior law specialist" from another command who has been assigned as the convening authority's legal officer (staff judge advocate per definitions now in effect) for the purpose.

R.C.M. 1106(c) leaves room for that construction, which would emphasize an assignment link with a command other than·

the convening authority's. Article 60(d) emphasizes the link with the convening authority's command without imposing any requirements on the creation or duration of that link. It appears that *"the* staff judge advocate or legal officer" and *"his* staff judge advocate or legal officer" (emphasis added) are used interchangeably in that Article.

R.C.M. 1106(c) is headed "When the convening authority has no staff judge advocate," but it also deals with the situation where the staff judge advocate or legal officer cannot prepare the recommendation in a particular case—"if the person serving in that capacity is disqualified ..., the convening authority shall: (A) Request the assignment of another staff judge advocate or legal officer...." We read this to mean the same thing as—"if the person serving as staff judge advocate or legal officer cannot prepare the recommendation in a particular case, request assignment of another person to serve as staff judge advocate or legal officer for the purpose of preparing the recommendation."

▌ Appellant states that the "Coast Guard has not issued any regulation authorizing District Legal Officers to assign staff judge advocates or legal officers to convening authoritys [sic] who do not have such an officer assigned." The District Legal Officer's functional statement in the Coast Guard Organization Manual (COMDTINST M5400.7B), which we judicially note, includes—"when appropriate assist in the conduct of, courts ... convened in the district." Absent a limitation we have not found, this can include providing law specialists (judge advocates) to act as "legal officers" (per Coast Guard practice) or "staff judge advocates" (per definitions now in effect) for convening authorities in the district other than the District Commander. The assignment letter signed by the District Legal Officer is not required, and its inclusion in the record of trial is gratuitous. R.C.M. 1103.

▌ We hold that the law specialist (judge advocate) accepted by the convening authority from the staff of the District Legal Officer (District Staff Judge Advocate) was the convening authority's staff judge advocate for purposes of preparing the recommendation. Article 60(d) and R.C.M. 1106 were complied with.

The United States Court of Military Appeals in *U.S. v. Due,* 21 M.J. 431 (1986), dealt with a regulation of a Navy command with a number of general court-martial convening authorities with staff judge advocates and special court-martial convening authorities without staff judge advocates. The situation and the regulation are similar to the Coast Guard's. The special court-martial convening authority "was required to transmit the record of trial to the staff judge advocate of an officer exercising general court-martial jurisdiction; and this lawyer would provide him with the 'recommendation' required by Article 60(d) of the Code." *Id.* at 433.

In *Due, supra,* the appellant contended that his chances for favorable clemency action from the convening authority would be better if the convening authority's discretion in acting on the record is unfettered by the persuasive effect of a recommendation by a staff judge advocate "who usually will be on an admiral's staff and often will outrank the convening authority." *Id.* Apparently MM2 Due would have been happier with the recommendation of a "junior law specialist." SS3 Payne, on the other hand, speculates that his chances would have been better with the personal recommendation of an admiral's staff judge advocate.

We may be dealing with the mirror image of *Due, supra,* but there is value in examining the approach taken by the Court of Military Appeals in order to find concepts applicable to our decision. The United States Court of Military Appeals opined that the President had "assumed that a commanding officer would welcome the advice of a trained lawyer if one were available but that usually the burden of obtaining this professional advice would be too great," *id.,* and determined that Congress eliminated the formal staff judge advocate's review in order to reduce cost and

delay rather than to remove a lawyer from the process. The Court stated that "in many instances an accused may benefit from having the record reviewed in the field by a trained lawyer" and concluded, in language of general applicability:

If the Commander of NAVSURFPAC has enough lawyers available to prepare the Article 60(d) recommendations without delay and without depriving him of lawyers he needs for other purposes, we do not believe that the Code or Manual is violated.

*Id.* at 434.

Appellant would have us examine the knowledge and experience of the judge advocate designated to prepare the recommendation. The Navy-Marine Corps Court of Military Review in *U.S. v. Sparks*, 20 M.J. 985, 988 (1985), a Navy case, concluded—

"the nature of both the review and the convening authority's action indicate that the real concern is not *who* prepared the recommendation, but only that a recommendation by someone statutorily designated or qualified be obtained.... Such designation is a matter committed solely to the discretion of the convening authority, as long as the designee is the command legal officer or an SJA or judge advocate."

■ The Coast Guard, an armed force with few courts-martial spread among many units without staff judge advocates, has, in a policy decision we find salutary, established a source of judge advocates from which one may be designated the convening authority's staff judge advocate for the purpose of preparing a required recommendation. As in *Due, supra,* we believe the purpose of this policy decision is benign, not intended to inhibit special court-martial command prerogative. We are of the opinion that it does not, in fact, interfere with the discretion conferred upon the convening authority by the Uniform Code of Military Justice with respect to the action taken under Article 60(c) and R.C.M. 1107, and that the independence of convening authorities has not been materially curtailed by Coast Guard procedure.

We do not question the importance the recommendation derives from its relationship to the convening authority's action. The United States Court of Military Appeals said in *U.S. v. Rivera,* 42 C.M.R. 198, 199 (1970)—"It is at the level of the convening authority that an accused has his best opportunity for relief because of the former's broad powers which are not enjoyed by Courts of Military Review or even by this Court." The importance of the recommendation is underscored by the fact that a convening authority may properly act without reading the record of trial. The only matters required to be considered are the result of trial, the recommendation, and any matters submitted by the accused under R.C.M. 1105 or 1106(f). R.C.M. 1107(b)(3).

■ Even with the importance of these recommendations in mind, we have no reason to question the selection process for Coast Guard judge advocates designated to prepare them. In order to receive that designation, each demonstrated ability under many circumstances to many decision makers. We can see no useful role for this Court in reviewing his or her general qualifications. The disqualification criteria in R.C.M. 1106(b) and the discussion following it deal only with actions of the judge advocate in the specific case.

We have examined the record of trial and have concluded that the findings and sentence are correct in law and fact and no error materially prejudicial to the substantial rights of the appellant was committed. Accordingly, the findings and sentence are affirmed.

Chief Judge BAUM and Judges BRIDGMAN, BURGESS and GRACE concur.