UNITED STATES

v.

David P. SEEBER, Seaman Recruit,
U.S. Coast Guard.

Docket No. 883.
CGCMS 23834.

U.S. Coast Guard Court of
Military Review.

17 Sept. 1986.

Military Judge: CDR Paul M. Blayney, USCG.

Trial Counsel: LCDR Robert G. Blythe, USCG.

Individual Military Counsel: CAPT Luis R. Rivera, USAR.

Appellate Defense Counsel: LCDR Robert Bruce, USCG.

Appellate Government Counsel: LT M.J. Zmaczynski, USCGR.

## DECISION

BAUM, Chief Judge:

Appellant, pursuant to his pleas of guilty, was convicted of unauthorized absence from 9 October 1984 to 2 January 1985 in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886 and two specifications of missing movement of his ship through design on 9 October 1984 and on 13 October 1984 in violation of Article 87, Uniform Code of Military Justice, 10 U.S.C. § 887. He was sentenced by a special court-martial composed

of officer members to a bad conduct discharge, confinement for four months, and forfeiture of $400 per month for four months, which has been approved by the convening authority. Before this Court, appellant has assigned the following three errors:

I. THE MILITARY JUDGE ERRED BY ADMITTING INTO EVIDENCE TWO RECORDS OF NONJUDICIAL PUNISHMENT DESPITE THE DOCUMENTS' TOTAL LACK OF SIGNATURES

II. THE MILITARY JUDGE ERRED IN FAILING TO DISMISS THE CHARGES AND SPECIFICATIONS BECAUSE THEY WERE REFERRED TO SPECIAL COURT–MARTIAL FOR AN IMPROPER REASON

III. THE LEGAL OFFICER'S RECOMMENDATION WAS PREPARED AND SIGNED BY AN OFFICER WHO WAS NOT A STAFF JUDGE ADVOCATE OR A LEGAL OFFICER AS REQUIRED BY ARTICLE 60(d), UCMJ, 10 U.S.C. § 860(d), AND RCM 1106

In response to the first assignment of error, the government has filed with this Court the actual pages from the service record of the accused. Unlike the photocopies attached to the record of trial, they show the carbon impression of the required signature, as permitted by current directives. There is, therefore, no merit to assignment of error I. This Court's decision in *U.S. v. Payne,* 22 M.J. 592 (C.G.C. M.R.1986), decided after the filing of pleadings in this case, disposes of assignment III. Accordingly, it, too, is rejected. Assignment of error II warrants discussion.

One charge of violation of Article 87, Uniform Code of Military Justice and one specification thereunder alleging a combined missing movement through design on 9 October 1984 and absence from 9 October 1984 to 2 January 1985, were referred to a summary court-martial on 8 March 1985 by the Commanding Officer, USCGC SAGEBRUSH (WLB 399). The accused refused trial by summary court-martial on 5 April 1985, after being fully advised of his rights by the summary court-martial officer and also after being advised by at least two military attorneys, one of whom later represented him at the instant special court-martial as requested individual military counsel. Subsequently, the commanding officer referred one unauthorized absence and two missing movement offenses, redrafted into two charges and three specifications, to the present special court-martial. Appellant moved at trial for dismissal of the charges and specifications on the basis that they were referred to a special court-martial for an improper reason. The judge denied that motion and appellant now asserts that the judge's ruling in this regard was error. Appellant makes several arguments in support of this assignment, all of which are rejected. The main thrust of his assigned error is the same as that advanced at trial, that appellant merely wanted to challenge or object to trial by the particular summary court-martial officer who had been assigned, not refuse trial at that level, and that the convening authority then referred the charges to a special court-martial for the improper purpose of punishing the accused in retaliation for his exercise of a legal right.

■ At trial and before this Court, appellant contends that the summary court officer was disqualified to act because of prior involvement as Officer of the Day when appellant returned from his absence. The evidence presented on this issue reveals that the summary court officer was, in fact, the Officer of the Day at Coast Guard Base San Juan when the accused terminated his unauthorized absence and the accused was brought to that officer when he turned himself in. The summary court officer testified, however, that despite his official involvement in that regard, he could "remain totally impartial." [1] Nevertheless, the accused decided to object to trial by summary court and signed a document to that effect. At that point, the charge sheet and allied papers were proper-

---

1. Record of trial, page 12.

ly returned to the convening authority for action and that officer was well within his statutory and regulatory authority to refer redrafted charges, including an additional missing movement offense, to a special court-martial.[2] There is absolutely no indication that this referral was for the improper purpose alleged.

▮ Even if we viewed the facts from the perspective advanced by counsel for the accused at trial, that he was challenging the summary court-martial officer for cause rather than objecting to trial by summary court-martial, we would still conclude that the actions taken in response thereto were correct. Assuming a challenge against a summary court-martial is authorized by the procedures prescribed in the Manual for Courts-Martial, 1984, a matter which government counsel vigorously opposes, we find that the summary court officer was capable of putting aside any prior information and trying the case impartially. Accordingly, there was no reason for the summary court officer to advise the convening authority that he was disqualified and, even if the accused's concerns had been brought directly to the convening authority's attention, replacement of the summary court officer would not have been required. In any event, whether or not an accused may challenge for cause the officer assigned, it is eminently clear that there is no right to a peremptory challenge. Instead, an accused has the unqualified right to object to trial and the convening authority may then order a special or general court as appropriate. It is equally clear the accused chose to exercise his statutory right to object to trial. That the accused later changed his mind and requested trial by summary court-martial is

of no moment. At that point, the convening authority was well within his rights to refer the charges to a special court-martial. There was no requirement that he refer the charges to another summary court officer or back to the one initially assigned in order to give appellant another opportunity to object, as appellate defense counsel would apparently have him do.

In hindsight, it appears that the accused may have made a serious tactical mistake in refusing trial by summary court-martial, particularly in light of his subsequent pleas of guilty and the four prior non-judicial punishments in his record which were considered by the court in arriving at a sentence. No assertion of inadequate representation has been made before this Court, however, either with respect to the trial or pretrial stages of the proceedings. The decision to refuse trial before a forum which was limited to a sentence no greater than one month's confinement and one month's forfeiture, in contrast to the bad conduct discharge, four months confinement and four months forfeitures ultimately imposed, was an informed election made by the accused after consultation with legal counsel. We cannot and will not attempt to plumb the depths of his reasoning in objecting to the trial that had been originally ordered. Suffice it to say that on the basis of the record before us, we see no error associated with that decision and the later referral to a special court-martial. That the accused exercised a right of questionable benefit to him, does not provide this Court with a reason for reversing a valid conviction and sentence. The accused made his bed and now must lie in it.

The findings and sentence are correct in law and fact and, based on the offenses

---

**2.** Article 20, Uniform Code of Military Justice, 10 U.S.C. § 820 provides in part: "No person with respect to whom summary courts-martial have jurisdiction may be brought to trial before a summary court-martial if he objects thereto. If objection to trial by summary court-martial is made by an accused, trial may be ordered by special or general court-martial as may be appropriate." The discussion under R.C.M. 401(c)(1) includes the following: "It is appropriate to dismiss a charge and prefer another

charge anew when, for example, the original charge failed to state an offense, or was so defective that a major amendment was required (*see* R.C.M. 603(d)), or did not adequately reflect the nature or seriousness of the offense." R.C.M. 603(d) provides as follows: *"Major changes.* Changes or amendments to charges or specifications other than minor changes may not be made over the objection of the accused unless the charge or specification affected is preferred anew."

and the evidence at trial, we find the sentence appropriate for this accused. Accordingly, the findings and sentence are affirmed.

Judges BRIDGMAN, BURGESS and GRACE concur.*