UNITED STATES

v.

Robert N. MORGAN, Subsistence Specialist Third Class, U.S. Coast Guard.

No. 881.
CGCMS 23805.

U.S. Coast Guard Court of Military Review.

18 Sept. 1986.

Military Judge: CDR Larry S. Craig, USCG.

Trial Counsel: LCDR Robert G. Blythe, USCG.

Assistant Trial Counsel: LT John E. Crowley, USCG.

Defense Counsel: LCDR Kenneth E. Gray, USCG.

Assistant Defense Counsel: LT Edward L. Ristaino, USCG.

Appellate Defense Counsel: LT Keith M. Harrison, USCGR, LCDR Robert Bruce, USCG.

Appellate Government Counsel: LCDR Thomas J. Donlon, USCG.

* Judge Lynn did not participate in the decision in this case.

## DECISION

BAUM, Chief Judge:

Appellant was tried by a special court-martial composed of officer members on charges of assault with a deadly weapon in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928 and communicating a threat in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. He pled not guilty to all offenses, was acquitted of any assault, but convicted of two specifications of communicating a threat. He was sentenced to a bad conduct discharge and reduction to E-1, which has been approved by the convening authority, Commanding Officer U.S. Coast Guard Cutter PAPAW (WLB 308). Before this Court, appellant has assigned three errors. In one, he challenges the validity of the convening authority's action because "the legal officer's recommendation was prepared and signed by an officer who was not a staff judge advocate or a legal officer as required by Article 60(d), UCMJ, 10 U.S.C. § 860(d), and RCM 1106 or the officer was improperly assigned as legal officer." This same issue was addressed and resolved in *U.S. v. Payne*, 22 M.J. 592 (C.G.C.M.R.1986). For the reasons set forth in *Payne, supra,* we reject the appellant's assertions here. In another assignment, appellant contends that certain statements made by the accused were taken in violation of his right to counsel and were, therefore, improperly admitted in evidence. We find no merit to this assignment and, accordingly, reject it. The remaining assignment of error warrants discussion.

 Appellant contends that he was denied a fair trial as a result of certain rulings, comments and actions by the military judge which, in toto, materially strengthened the prosecution's case before the triers of fact and, at the same time, improperly limited and vitiated the defense and hindered the ascertainment of the truth. We do not agree that appellant was denied a fair trial as asserted, but we do believe the trial judge's aggressive examination of witnesses came close in several instances to overstepping the bounds between impartial arbiter and advocate. In one particular instance, the judge clearly crossed that boundary. After the trial counsel had rested his case, having been unsuccessful in his attempts to obtain proper identification and admission in evidence of a knife alleged in an assault with a dangerous weapon specification, the military judge took it upon himself to accomplish that goal. He did this through questioning the accused, who had taken the stand on the merits. Upon completion of cross examination by the trial counsel, which did not touch on identification of the knife, the judge asked a series of questions which successfully resulted in identification and admission of the knife in evidence. In this one instance, we believe the trial judge took on the mantle of prosecutor in what was, otherwise, a tautly controlled and error free trial. This overstepping of bounds constituted error which necessitates our testing for prejudice. We find none in this instance because, despite the admission in evidence of the knife, appellant was acquitted of the one offense to which it directly related. While we find no prejudice to the accused in this case, we caution trial judges that they must exercise great care to ensure that they adhere to the impartial judicial role required of them. Rule for Courts-Martial 801(c), Manual for Courts-Martial, 1984 indicates that a court-martial may act to obtain evidence in addition to that presented by the parties but, as stated in the discussion following that rule, "[i]n taking such action, the court-martial must not depart from an impartial role." *See also, U.S. v. Shackelford*, 2 M.J. 17 (C.M.A. 1976), *U.S. v. Clower*, 23 U.S.C.M.A. 15, 48 C.M.R. 307 (1974).

 Having found no prejudicial error, we must still weigh the appropriateness of the sentence as part of our Article 66, Uniform Code of Military Justice responsibility to affirm only such part or amount of the sentence as we determine on the basis of the entire record should be approved. Appellant, a third class petty officer, with no previous convictions, stands convicted

here of two offenses of wrongfully communicating threats to two shipmates on board U.S.C.G.C. PAPAW (WLB 308). The evidence reveals that the accused, a cook aboard the Cutter PAPAW, made the threats after returning to the ship from a night of drinking. Because of pent up feelings of frustration and anger from what he viewed as unwarranted and long standing harassment over a number of things, ranging from the quality of his cooking to his Indian heritage, the accused committed the offenses when confronted, again, with verbal abuse from a crew member. While the seriousness of the offenses are not to be minimized, we do not believe they justify a punitive discharge for this accused, in light of all the circumstances of this case. Accordingly, the bad conduct discharge is set aside. The findings of guilty and only so much of the sentence approved below as provides for reduction to pay grade E–1 is affirmed. All rights, privileges, and property of which the accused may have been deprived by virtue of that portion of the sentence set aside will be restored.

Judges BRIDGMAN, BURGESS and GRACE concur.*

* Judge Lynn did not participate in the decision in this case.