**UNITED STATES**
v.
**Scott G. SLOCUMB, Seaman Recruit,
U.S. Coast Guard.**

**CGCMS 23850.
Docket No. 888.**

U.S. Coast Guard Court of
Military Review.

4 Sept. 1987.

Trial Counsel: LCDR Robert G. Blythe, USCG.

Detailed Defense Counsel and Appellate Defense Counsel: LT Edward L. Ristaino, USCG.

Appellate Government Counsel: LCDR Joseph F. Ahern, USCG.

Appellate Defense Counsel: LCDR Robert Bruce, USCG.

Before BAUM, C.J., and GRACE JOSEPHSON and BARRY, JJ.

## DECISION

BAUM, Chief Judge:

Pursuant to his pleas of guilty, appellant stands convicted by special court-martial, military judge alone, of two specifications of unauthorized absence in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886; three specifications of breaking restriction in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934; three specifications of obtaining telephone services under false pretenses in violation of Article 134, Uniform Code of Military Justice; one specification of escape from custody in violation of Article 95, Uniform Code of Military Justice, 10 U.S.C. § 895 and one specification of wrongful appropriation of an automobile in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921. Appellant was sentenced to a bad conduct discharge, confinement for four months and

forfeiture of $250.00 per month for four months, which has been approved by the convening authority, with the forfeitures suspended for two months. Before this Court, two errors have been assigned: (1) that the military judge failed to adequately question appellant and counsel concerning the terms of a pretrial agreement, thereby rendering appellant's pleas of guilty improvident and (2) that the post trial recommendation to the convening authority required by Article 60(d), Uniform Code of Military Justice, 10 U.S.C. § 860(d) and R.C.M. 1106, MCM 1984 was made by an officer who was not statutorily qualified.

As appellate defense counsel notes, the second assignment of error was addressed and rejected by this Court in *United States v. Payne*, 22 M.J. 592 (C.G.C.M.R.1986), pet. for review denied, 23 M.J. 175 (C.M.A. 1986). Appellant requests this Court to reconsider the issue and find that it was incorrectly decided in *Payne, supra.* This we decline to do. Instead, we reaffirm the opinion expressed in *Payne* and reject appellant's assignment in this regard.

In his other assignment of error, appellant contends that the military judge did not make an adequate inquiry into the provisions of a pretrial agreement, as required by *United States v. Green*, 1 M.J. 453 (C.M.A.1976), and that, accordingly, appellant's pleas should be held to be improvident. *United States v. King*, 3 M.J. 458 (C.M.A.1977). Specifically, appellant argues that the judge's leading questions, which prompted essentially monosyllabic responses, do not shed much light on the process by which the terms, requiring him to request trial by judge alone and to stipulate to testimony and facts, were placed in the agreement. Appellate counsel submits that the limited questioning resulted in ambiguity rather than clearly establishing that the accused was not subjected to improper pressure to give up the right to a trial by members and to the live testimony of witnesses. Counsel contends that, as a result, the inquiry fails to dispel the possibility of a contract of adhesion.

■ We disagree. Despite questioning that elicited mostly unelaborated "yes" and "no" answers, the judge's inquiry leaves no doubt whatsoever that the agreement was entered into freely and voluntarily without a hint of overreaching by the Government. The judge covered in detail with the accused all the provisions of the plea bargain, which include the agreement to request trial by judge alone, to stipulate to testimony with respect to certain motions, to stipulate to facts with respect to the alleged offense of desertion, to request regular leave upon release from confinement if the convening authority had not acted by that date, and to make restitution of funds relating to telephone services obtained under false pretenses and to the wrongful appropriation offense. In addition, the judge explained his interpretation of the agreement and obtained the assurance of counsel and accused that their understanding of the meaning and effect of the bargain was the same as his and that the written agreement encompassed all of the understandings of the parties. Moreover, on the basis of this inquiry, and before accepting the accused's pleas of guilty, the judge expressly found that the pretrial agreement was entered into freely, knowingly, intelligently and voluntarily and that the provisions of the agreement were in accordance with appellate case law, not against public policy and not contrary to his own concepts of fundamental fairness.

The trial judge's inquiry in this case fully complied with the mandate in *Green, supra* and *King, supra.* Significantly, the accused did not challenge at trial the judge's findings with respect to the pretrial agreement nor does he do so before this Court. Instead, counsel's assignment relates only to the judge's purported failure through his questions to dispel the *possibility* of coercion—that the accused *may have been* forced to accept terms that were disagreeable to him. We see no basis for such a conclusion. To the contrary, the determinations expressed by the judge are fully supported by his inquiry. With respect to the specific provision relating to trial by judge alone, our decision in *United States v. Huber*, 24 M.J. 697 (C.G.C.M.R.1987) is dispositive. We likewise find the remaining provisions agreeable with the law, public policy and fundamental fairness. The assignment of error is rejected. In passing, we note that when the convening au-

thority acted on the sentence he fulfilled his plea bargain promise to the accused.

■ One other matter warrants a brief discussion. Counsel initially detailed to represent appellant before this Court was the same counsel who represented the accused at trial. In addition, it also appears that during trial and appeal this counsel was an assigned member of the Seventh Coast Guard District Legal Office. Accordingly, the defects with respect to appointment of appellate defense counsel noted in my separate opinion in *United States v. Howard,* 24 M.J. 897 (1987) (Baum, Chief Judge concurring) were applicable here at the time the record of trial was referred to this Court. Subsequent to referral, but before the decision in *Howard, supra,* an order was issued requiring the detailing of another appellate defense counsel not involved in the trial. As stated in that order, we were "convinced that when a case is disposed of at the trial level through guilty pleas entered pursuant to a pretrial agreement negotiated by the trial defense counsel, countervailing considerations weighing against detailing the trial defense counsel as appellate counsel should prevail." We went on to say that, "it is asking too much of trial defense counsel to expect him as appellate counsel in such a situation to independently review the pretrial negotiations, plea bargain and providence inquiry with a view to challenging some aspect of those proceedings at the appellate level." Thereafter, Lieutenant Commander Robert Bruce, USCG, who is regularly assigned to the Office of Chief Counsel of the Coast Guard and was not involved in the trial of this case, was detailed as appellate defense counsel and filed the assignment of errors and brief that have been discussed. The fact that the assignment of error relating to the negotiated pleas has been rejected does not lessen or modify in any way the concern expressed earlier with respect to replacement of the trial defense counsel as appellate counsel in situations where the trial was disposed of by pretrial agreement. The independent review of all matters by a counsel uninvolved with the trial of the case assures us that the accused's rights at each stage of the proceeding have been fully protected. This assurance enables us to make our own independent review of the record and evaluate each assignment of error unencumbered by a concern that dual, and possibly conflicting, roles of appellate counsel may have impeded the full presentation of issues for our consideration.

It is noted that appellate government counsel was not a trial participant. It does appear, however, that he was a member of the Seventh Coast Guard District Legal Office rather than the Office of Chief Counsel of the Coast Guard at the time notice of appearance was made by the filing of pleadings. The record has been scrutinized for any prejudice to the accused that may have resulted from this officer's being detailed as appellate counsel and none is noted.

We have determined that the findings and sentence are correct in law and fact and on the basis of the entire record should be approved. Accordingly, the findings of guilty and sentence, as approved and partially suspended below, are affirmed.

Judges GRACE, JOSEPHSON and BARRY concur.*

BURGESS, Judge (concurring):

I concur with Chief Judge Baum's opinion in this case with one exception, namely, the implication that it was error to have had as government appellate counsel an individual whose normal assignment appears to be as a member of the Seventh Coast Guard District Office rather than the Office of Chief Counsel of the Coast Guard. If he were assigned on temporary additional duty to the Office of Chief Counsel as was the government counsel in *United States v. Howard* 24 M.J. 897 (1987), I would find no error.

---

* Judge Bridgman did not participate in the decision in this case.