UNITED STATES

v.

**Anthony B. CLAXTON Aviation Electrician's Mate First Class, U.S. Coast Guard.**

**CGCM 0006.
Docket No. 902.**

U.S. Coast Guard Court of Military Review.

6 Nov. 1987.

**624**

Military Judge: CDR Richard L. Maguire, USCG.

Trial Counsel: LCDR Michael J. Devine, USCG.

Defense Counsel: LCDR Stefan G. Venckus, USCG.

Appellate Government Counsel: LCDR Arthur R. Butler, USCG.

Appellate Defense Counsel: LCDR Robert Bruce, USCG.

*Opinion and Order of the Court in response to Appellant's Motion for Appropriate Relief in the Nature of a Request for Assignment of Another Appellate Defense Counsel*

BAUM, Chief Judge:

Appellant was sentenced by general court-martial on April 9, 1987 to a bad conduct discharge, two and a half years confinement and reduction to pay grade E–1. He commenced serving his sentence to confinement on that date and, on September 4, 1987, the convening authority approved the sentence as adjudged. On September 28, 1987, the record of trial was referred to this Court for review pursuant to Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866. Along with that referral, Lieutenant Commander Robert W. Bruce, USCG was designated as appellate defense counsel. Four days later, on October 2, 1987, Lieutenant Commander Bruce filed in appellant's behalf a motion for appropriate relief in the nature of a request for assignment of another appellate defense counsel. The motion is opposed by the Government in its response of October 14, 1987.

The basis for appellant's request is Lieutenant Commander Bruce's workload as the only appellate defense counsel currently detailed by the Chief Counsel of the Coast Guard for cases before this Court and the U.S. Court of Military Appeals. Counsel submits that as a result of the time he will have to devote to other assigned cases, he has advised appellant that it appears unlikely a brief can be prepared before the end of December 1987. Appellant asserts "that he is entitled to timely appellate review, and an appellate counsel who can prepare a brief in his case within a reasonable time." In order that expeditious action can be taken on his appeal, particularly with respect to possible reduction of confinement, appellant has requested that we abate the proceedings for a certain period and then set aside the findings and sentence and dismiss the charges, if, within that period, the Chief Counsel of the Coast Guard does not appoint another appellate defense counsel who can immediately begin to prepare an Assignment of Errors and Brief in appellant's case, along with or instead of the present counsel.

■ In response, the Government asserts:

"Article 70(a) of the UCMJ places the responsibility for assigning appellate defense counsel exclusively on the Judge Advocate General, which responsibility, in the Coast Guard, has been delegated to the Chief Counsel. In this case, any review at this time by this Court would be premature as this entire motion is based on an 'anticipation' of ineffectiveness on the part of the detailed appellate defense counsel and such prophylactic action as is requested is not ripe for resolution."

Government counsel goes on to say that:

[t]he speculation that the appellant shows, believing that he *may* be prejudiced can not equate to the actual prejudice needed to mature this issue sufficiently to require review. The government is charged with detailing an appellate defense counsel. It will not, and can not direct that counsel how to handle his case-load. This is not to say that there can never be any mis-management but

here, there is none. When mis-management occurs to the point where an appellant is not effectively represented, then this Court will certainly be able to recognize it and handle it at that time through normal procedures.

Here there is no issue to review. There is nothing unreasonable about the case load of the appellate defense counsel.[1] The appellant is guaranteed effective assistance of counsel which inherently means timely representation. It does not mean timely as determined by the appellant. It is the charge of the jurisprudential system that we operate under that the appellate assignments are made by the Chief Counsel after consideration of all factors involved in balancing resource management against the appellate rights of a convicted member. Neither has superior weight; the Chief Counsel can not so overburden the appellate defense counsel so as to rob the appellant of effective representation, neither can the appellant demand immediate action as soon as his case is referred for review. It is this balancing and management that the drafters envisioned when assignment of counsel was placed with the Judge Advocate General and keeps the system a "first rate" system.

■ We agree with the Government's contention that in balancing the relevant factors involved there must be assurance that appellate defense counsel is not so overburdened with cases that the accused is denied his right to effective representation, but at the same time it must be recognized that effective representation does not necessarily equate to immediate action on a case. With this in mind, we are not convinced that counsel is so overburdened with cases that he cannot provide timely and effective assistance to his clients. We are confident that he will give each case the attention it warrants in an order and time

that is best determined by him, considering all the circumstances. In any event, even if counsel is unable to brief this case until the end of December, as he projects, we are not persuaded that a delay until that time for filing assignment of errors and brief will as a matter of course result in a denial of effective representation for appellant. Accordingly appellant's motion for appropriate relief in the nature of a request for assignment of another appellate defense counsel is denied. An enlargement of time until December 31, 1987 for filing an assignment of errors and brief is, hereby, granted.

■ While we agree with the Government's position with respect to whether another counsel should be detailed at this time, there is a viewpoint implicit in the Government's response with which we do not agree. The Government brief seems to imply that the matter raised by this motion is one exclusively within the province of the Judge Advocate General or the Chief Counsel of the Coast Guard and, accordingly, not appropriate for consideration and resolution by this Court until such time as assignment of errors and brief have been filed and then only to the extent of determining after the fact whether the accused has received effective appellate representation. To the contrary, the Court of Military Appeals made it clear in *United States v. Bell*, 11 USCMA 306, 29 CMR 122 (1960) that our predecessor boards of review had both the authority and responsibility to take necessary action to ensure adequate representation of an accused before such boards. The Courts of Military Review undoubtedly have at least as much authority. In *United States v. Bell, supra*, the Court said:

As previously indicated, the power to appoint counsel is vested in the The Judge Advocate General. But the board con-

---

■ We judicially note that Lieutenant Commander Bruce has been detailed as appellate defense counsel in 10 cases before this court, including the instant case. Assignments of error have been filed in 5 of the cases, leaving 5 to be briefed. Lieutenant Commander Bruce has also been detailed as counsel in one case which has been granted review by the U.S. Court of Mili-

tary Appeals. Briefs and oral argument have already been completed in that case. He is also counsel in 2 other cases which have petitions for review to the U.S. Court of Military Appeals pending. A supplement to 1 of these petitions has been filed, leaving a supplement for the other petition to be submitted.

trols its own hearings and it makes the final decision on matters properly before it. Here it sought advice from the office of The Judge Advocate General on the appointment of substitute counsel, but it could have gone further than solicitation. It could have requested the appointment of other counsel if the members were of the opinion that the accused should be represented by someone other than the original appointees.

*Id.* at 126.

The Court went on to say that the board was not limited to requesting the appointment of counsel, but could take action with a view to requiring such appointment.

Under different circumstances than presented in this motion, it might be necessary for this Court to require the appointment of another counsel, just as we have done in earlier cases when we perceived possible impediments to the full and undivided representation of a particular accused's interests before this Court. In *United States v. Castellani*, 22 M.J. 590 (CGCMR 1986), we ordered the replacement of appellate defense counsel when we saw a potential conflict of interest arising out of continued representation by appellate counsel appearing at oral argument.[2] Again, in *United States v. Slocumb*, 24 M.J. 940 (CGCMR 1987), we issued an order requiring the detailing of another appellate defense counsel who had not been involved in the trial proceedings because, "it is asking too much of trial defense counsel [in a case disposed of by negotiated plea] to expect him as appellate counsel ... to independently review the pretrial negotiations, plea bargain and providence inquiry with a view to challenging some aspect of those proceedings at the appellate level." *Id.* at 942. Similarly, if appellate defense counsel's caseload, or other factors, indicate that effective representation is in jeopardy and, for that reason, a request is made to the detailing authority for another counsel and that request is denied, then a petition to this Court at that time certainly is in

order. Initial decisions with respect to detailing appellate counsel are the responsibility of other authority, but, in a case before us, we ultimately must decide whether the representation being provided is adequate and ensure that an accused's statutory rights, as well as those flowing from the Constitution, are not abridged.

Judges BRIDGMAN, JOSEPHSON and BARRY concur.*

### Appendix A

In *United States v. Castellani*, CGCMS 23729, the U.S. Coast Guard Court of Military Review on 10 May 1985 issued an order in response to a Motion to Withdraw as Appellate Counsel. On 23 May 1985 the order was modified by changing paragraph 2. The text of the salient portions of the order, as modified, follows:

ORDERED:

(1) That ... action on the motion will be taken forthwith.

(2) That the motion for withdrawal be, and hereby is, granted, good cause for withdrawal having been established by the potential conflict of interest that would be generated should [A] argue the case on behalf of appellant. This issue was raised by the Court at the hearing on 9 May 1985 prior to the commencement of oral argument, in light of assignment of error IV, filed by the former appellate defense counsel, [B], in which he asserts prejudice to the accused from post trial delay. [B] has asserted for the appellant that during the period of approximately seven months from referral of the case to this Court until [B's] appointment as counsel, during which time five motions for enlargement of time for filing assignments of error were submitted by [A] as appellate defense counsel, that the accused was without effective representation of counsel. [B] specifically alleges at p. 19 of his brief that "no action was taken on this record of trial by any one until the assignment of the present appellate counsel, ([B]). The reasons are un-

---

2. Salient portions from the unpublished Court orders relating to this matter are reprinted in Appendix A.

* Judge Burgess was absent from the Court and, accordingly, did not participate in this opinion and order.

known, but presumably are grounded in the press of other duties with respect to other appellate cases."

The Court has concluded that, absent a knowing intelligent waiver by the accused of his right to a conflict free counsel in accord with *U.S. v. Davis*, 3 MJ 430 (CMA 1977), that the potential conflict posed by [A's] continuing to act as an advocate for a client, who is challenging his performance in that role, constitutes good cause shown for [A's] withdrawal as counsel.

(3) That appropriate authority, pursuant to Article 70, UCMJ, detail another appellate defense counsel to represent the appellant before this Court, as soon as possible.