**UNITED STATES**

v.

**Senior Airman Kenneth D. JAPHET, FR 266–61–1801, United States Air Force.**

**ACM S26703 (f rev).**

U.S. Air Force Court of Military Review.

6 March 1986.

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Major Kathleen G. O'Reilly.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Colonel Andrew J. Adams, Jr.

Before HODGSON, FORAY and MURDOCK, Appellate Military Judges.

## DECISION UPON FURTHER REVIEW

MURDOCK, Judge:

We originally returned this case to the Judge Advocate General for remand to the convening authority for a new recommendation and action. In his original action, the convening authority approved a sentence which exceeded the pretrial agreement. The error was discovered after the action was taken and served on the appellant, but before the record of trial left the base.

■ The convening authority attempted to correct the error by withdrawing his original action and issuing an action which did comply with the pretrial agreement. As we stated in our original opinion, the convening authority was powerless to issue this second action because he had not been directed by proper reviewing authority or the Judge Advocate General to take the corrective action. R.C.M. 1107(f)(2). The result was that the corrected action was a nullity.

■ We stated in our original opinion that this left "the prior action which ordered a sentence in excess of the pretrial agreement as the only action in this case which we must set aside." No action remained in this case after we set aside the original action because we had set aside the first action and the second action was a nullity. All the convening authority needed to do was announce the history of the case in words similar to or the same as those suggested by the Judge Advocate General and take a new action. Instead, he used the words supplied by the Judge Advocate General in hopes of withdrawing the first action, and invented new words to attempt to withdraw the second action. In so doing, he unnecessarily cluttered the action. The 18 March 1985 action was a nullity from the beginning and therefore did not need to be withdrawn. We consider the words in the current action (17 January 1986) which purport to withdraw the 18 March 1985 to be harmless surplusage.

Ignoring the unnecessary reference to the 18 March 1985 action, we find that the action now properly implements the pretrial agreement. The findings of guilty and the sentence are

AFFIRMED.

HODGSON, Chief Judge, and FORAY, Senior Judge, concur.