**UNITED STATES**

v.

**Mark HUFFMAN, 230 08 4392, Electronics Technician Second Class (E–5), U.S. Navy.**

**No. NMCM 87 2136.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 5 March 1987.

Decided 30 Nov. 1987.

---

LCDR J.J. QUIGLEY, JAGC, USN, Appellate Defense Counsel.

LT DANIEL W. DOOHER, JAGC, USNR, Appellate Defense Counsel.

LT SCOTT A. HAGEN, JAGC, USNR, Appellate Government Counsel.

Before BYRNE, C.J., and COUGHLIN and RUBENS, JJ.

RUBENS, Judge.

Contrary to his pleas, appellant was convicted by a special court-martial composed of a military judge alone on 3 February 1987 of one specification of desertion (approximately 5 years) terminated by apprehension, in violation of Article 85, Uniform Code of Military Justice (UCMJ). He was

sentenced to confinement for 30 days, forfeiture of $435.00 pay per month for 1 month, reduction to E-1, and a bad-conduct discharge.

Appellant alleges two errors before this Court: first, that the evidence of record does not prove the intent element of desertion beyond reasonable doubt; and second, that the staff judge advocate erroneously advised the convening authority in his recommendation under Rule for Courts-Martial (R.C.M.) 1106[1] that the accused was convicted of unauthorized absence pursuant to his pleas when, in fact, he was convicted of desertion contrary to his pleas. We will not discuss the first alleged error because of our resolution of the second.

Although appellant twice attempted to plead guilty to unauthorized absence pursuant to a pretrial agreement, the military judge found these pleas to be improvident and properly entered a not guilty plea on the accused's behalf. The military judge later convicted appellant of desertion. The staff judge advocate's recommendation does erroneously indicate that appellant was convicted of unauthorized absence pursuant to his pleas of guilty. This recommendation was served on the trial defense counsel on 4 May 1987. The trial defense counsel indicated in his Second Endorsement to the recommendation that he "did desire to submit comments, corrections, or rebuttal," but no R.C.M. 1105 or 1106(f)(4) matter is in the record of trial. The convening authority took action on 27 May 1987 and approved the findings and sentence. R.C.M. 1106(f)(6) states that "[f]ailure of counsel for the accused to comment on any matter in the recommendation or matters attached to the recommendation in a timely manner shall waive later claim of error with regard to such matter in the absence of plain error." Trial defense counsel apparently failed to comment on the errors in the staff judge advocate's recommendation.

The question before this Court is narrowed, then, to whether the errors in the staff judge advocate's recommendation are

---

1. Manual for Courts-Martial, United States, 1984 (MCM).

plain error for which no waiver is permitted.

◼ Plain error is a slippery concept without a fixed definition. Some commentators would limit it "to errors that are indeed 'plain,' which means that there is no excuse for their occurrence." S. Saltzburg, L. Schinasi, and D. Schlueter, *Military Rules of Evidence Manual* 25 (2d ed. 1986). This definition is not very helpful, however, because there is no excuse for most errors which reach this Court. Conceptually, plain error is error which requires appellate intervention to prevent a miscarriage of justice, protect the reputation and integrity of the Court, or protect a fundamental right of the accused. *United States v. Beaudion*, 11 M.J. 838 (A.C.M.R. 1981). Although military appellate courts rarely find plain error, they frequently have found prejudicial error when the staff judge advocate's review is erroneous with respect to pleas or findings. *See, e.g., United States v. Garcia*, 1 M.J. 77 (C.M.A. 1975) (misadvice as to pleas); *United States v. McIlveen*, 23 U.S.C.M.A. 357, 49 C.M.R. 761 (1975) (misadvice as to pleas); *United States v. Miller*, 1 M.J. 798 (AFCMR 1976) (misadvice as to pleas). *Miller* is particularly apropos because the Air Force Court of Military Review failed to apply the waiver portion of the *Goode*[2] procedures to errors of this type. Although these cases were decided under the prior Manual[3] (when the convening authority was required to review the record for legal error and factual sufficiency), they do indicate that errors in the staff judge advocate's review relating to the pleas and findings receive close scrutiny. Under MCM, 1984, the convening authority is no longer *required* to review the record for legal error and factual sufficiency, but *may* do so. R.C.M. 1107(a) and 1107(c), Discussion. R.C.M. 1106(d)(3)(A) requires a correct recitation of the findings and section 0145c

Judge Advocate General requires a correct recitation of the pleas.

◼ Both the findings and the pleas were erroneously reported in this case. We find that this misadvice was plain error and prejudicial.

The convening authority will not have any motive to exercise his R.C.M. 1107(a) discretion to review the record for factual sufficiency unless he knows that the accused pled not guilty. There is substantial doubt in this case that the convening authority correctly knew the appellant's pleas or even what offense he was finally convicted of when he took action. The convening authority, moreover, had approved a pretrial agreement which allowed appellant to plead guilty to unauthorized absence. The Government concedes the appropriateness of a new recommendation and action.[4]

Accordingly, the action of the convening authority, dated 27 May 1987, is set aside. The record of trial will be returned to the Judge Advocate General for a new staff judge advocate's recommendation and a new convening authority's action in accordance with R.C.M.'s 1106 and 1107, respectively.

This Court is troubled by the growing number of erroneous staff judge advocate and legal officer recommendations discovered on appellate review. Trial defense counsel, moreover, are failing to comment on these obvious errors in an equally disturbing number of cases. The Military Justice Act of 1983 and Chapters XI and XII, Part II, MCM, 1984, simplified the post-trial processing of courts-martial subject to appellate review by, among other things, eliminating the administratively burdensome and complex staff judge advocate's review and substituting the simplified, administratively less burdensome R.C.M. 1106 recommendation. There is no valid excuse for the errors discovered in this case or trial defense counsel's failure to

---

2. *United States v. Goode*, 1 M.J. 3 (C.M.A.1975).

3. Manual for Courts-Martial, United States, 1969 (Rev.).

4. We follow the admonition in *DeMarco v. United States*, 415 U.S. 449, 451, 94 S.Ct. 1185, 1186,

39 L.Ed.2d 501, 503 (1974) (Rehnquist, J., dissenting), to not "respond in Pavlovian fashion" when the Government concedes error, but concession was appropriate in this case.

discover and comment on them. The fact that the post-trial review process was simplified does not mean that it was eliminated.

Chief Judge BYRNE and Judge COUGHLIN concur.