**UNITED STATES, Appellee,**

v.

**Private First Class Marion E. McIN-TOSH III, 180–60–1540, United States Army, Appellant.**

**ACMR 8701205.**

U.S. Army Court of Military Review.

18 Feb. 1988.

---

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Major Marion E. Winter, JAGC, Captain Debra D. Stafford, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Byron J. Braun, JAGC, Captain Randy V. Cargill, JAGC (on brief).

Before DeFORD, KANE, and SMITH, Appellate Military Judges.

## OPINION OF THE COURT

DeFORD, Senior Judge:

Appellant was convicted, pursuant to his pleas, of wrongful distribution of lysergic acid diethylamide (two specifications), wrongful possession of lysergic acid diethylamide, wrongful use of marihuana, and wrongful possession of marihuana in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (Supp. III 1985). His adjudged sentence included a dishonorable discharge, confinement for 36 months, forfeiture of all pay and allowances, and reduction to the grade of Private E–1.

On 24 July 1987, the acting commander took his action on this case. The action, in part[1], ordered the sentence executed "except for the part of the sentence extending to a *Bad-Conduct Discharge* [emphasis supplied]". The result of the foregoing action was published by promulgating General Court–Martial Order No. 24, dated 24 July 1987. Approximately 61 days later, on 24 September 1987, the regular commander took a second action in the case, identical with the first action, except that he ordered the approved sentence executed "except for the part of the sentence extending to a *Dishonorable Discharge* . . . [emphasis supplied]". This second action, published in General Court–Martial Order No. 33 and dated 24 September 1987, also withdrew the action published in General Court Martial Order Number 24 and substituted therefor the action taken on 24 September 1987.

Appellant alleges that it would be improper for this court to conclude that the convening authority approved any punitive discharge other than a bad-conduct discharge. Government appellate counsel argue the convening authority's action of 24 July 1987 was ambiguous, but was intended to approve a dishonorable discharge. The ambiguity, they argue, was corrected by the convening authority's second action.

■ Rule for Courts–Martial (hereinafter R.C.M.) 1107(f)(2), Manual for Courts–Martial, United States, 1984, provides, in part, that "[t]he convening authority may recall and modify any action taken by that convening authority at any time before it has been published or before the accused has been officially notified." General Court–Martial Order Number 24 promulgating the initial action was published within the meaning of R.C.M. 1107(f)(2). Accordingly, on publication of the initial order, the convening authority's jurisdiction to act further, without authority from the appellate courts or other authority,[2] was terminated and the second convening authority's action withdrawing his predecessor's action was a nullity. *See United States v. Japhet*, 22 M.J. 502 (A.F.C.M.R. 1986); *United States v. Baughcum*, 4 M.J. 536 (N.C.M.R.1977) *petition denied*, 5 M.J. 263 (C.M.A.1978); *United States v. Schultise*, 33 C.M.R. 243 (C.M.A.1963); *United States v. Dean*, 23 C.M.R. 185 (C.M.A. 1957).

---

1. Pursuant to a pretrial agreement, the action suspended for one year any confinement adjudged in excess of thirty-three months.

2. See R.C.M. 1107(g).

We are left, then, with the assertion that the initial action was inconsistent with the recommendation of the staff judge advocate and was ambiguous. We recognize that this court could set aside the ambiguous action and return the case to the convening authority for a new action. *See United States v. Lower,* 10 M.J. 263 (C.M. A.1981). However, that result may not be satisfactory because the original convening authority who acted in this case was an acting commander and, in all probability, would not have an opportunity to clarify his ambiguous action. Further, we cannot say with certainty that the convening authority did not intend to approve a bad-conduct discharge. In the past, in a series of unpublished decisions, this court has, in almost identical circumstances, resolved such ambiguities in favor of the appellant. Judicial policy and economy dictate that appeals such as this be terminated at the earliest practical time. We believe that such a result is appropriate in this case.

Appellant also asserts the military judge erred by admitting an incomplete record of nonjudicial punishment into evidence. Government counsel concede the issue. We believe that reassessment of the sentence will purge both errors and ensure that the errors are not reflected in the sentence. *United States v. Sales,* 22 M.J. 305 (C.M.A.1986).

The findings of guilty are affirmed. Reassessing the sentence on the basis of the foregoing errors and the entire record, the court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for 36 months as suspended by the convening authority, forfeiture of all pay and allowances, and reduction to the grade of Private (E–1).

Judge KANE and Judge SMITH concur.