**UNITED STATES**

**v.**

**Rodney A. MURPHY, 075 54 5516, Sergeant (E–5), U.S. Marine Corps.**

**NMCM 87 3779.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 11 March 1987.

Decided 30 March 1988.

LCDR L. Saccoccio, JAGC, USN, Appellate Defense Counsel.

Lt. Gregory J. O'Brien, JAGC, USNR, Appellate Defense Counsel.

Capt. Wendell A. Kjos, JAGC, USN, Appellate Government Counsel.

Before BYRNE, GLADIS and ALBERTSON, JJ.

ALBERTSON, Judge:

Appellant was convicted, contrary to his pleas, of three specifications alleging bribery in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934. He was sentenced to a bad-conduct discharge, confinement for three months, a fine of $1200.00 (or an additional three months confinement if the fine was not paid), and reduction to pay grade E–1. The convening authority took action on the sentence on 26 June 1987 and 4 August 1987. These actions of the convening authority are what concern us in this case.

The events surrounding these actions as we have determined them from our examination of the record of trial and allied papers are as follows. The convening authority took his original action in appellant's case on 26 June 1987. He promulgated that action on the same date. The convening authority then sent the record of trial to the officer exercising general court-martial jurisdiction pursuant to Article 65(b), UCMJ, 10 U.S.C. § 865(b).[1]

The staff judge advocate of the officer exercising general court-martial jurisdiction reviewed the record and advised the convening authority that the action he had taken on 26 June 1987 was a nullity because he had taken the action without first obtaining the recommendation of a staff judge advocate or legal officer as required

---

**1.** The convening authority was apparently unaware that supervisory review as previously required by Article 65(b) had been eliminated by the Military Justice Act of 1983. Pub.L.No. 98–209, 97 Stat. 1393 (1983).

by Article 60(d), UCMJ, 10 U.S.C. § 860(d), and Rule for Courts–Martial (R.C.M.) 1107(b)(3)(A)(ii), Manual for Courts–Martial, United States, 1984 (MCM, 1984). In light of the advice of the staff judge advocate, the convening authority revoked his action dated 26 June 1987 and issued a new action dated 4 August 1987.

 The staff judge advocate's advice was given, however, on 3 August 1987, over a month subsequent to the publishing (26 June 1987) of the convening authority's original action. R.C.M. 1107(f)(2) permits the convening authority to recall his action for modification only during the time before it is published or before the accused has been officially notified. Thus, a convening authority in a case involving a punitive discharge has no authority to modify his published action without direction from higher authority. *United States v. McIntosh*, 25 M.J. 837 (A.C.M.R.1988); R.C.M. 1107(f)(2). Thus, any action taken by a convening authority that revokes an action that has been published or of which the accused has been notified without such action having been so directed by higher authority is a nullity. Ordinarily, this Court, the higher authority having jurisdiction over the case subsequent to promulgation, would set aside the action and return the record for a new convening authority's action. *United States v. McIntosh, supra; United States v. Baughcum,* 4 M.J. 536 (NCMR 1977). In the unique factual circumstances of this case, however, we have decided for the sake of judicial economy not to return the record.

 While the original convening authority's action was taken contrary to the requirements of Article 60(d) and R.C.M. 1107(b)(3)(A)(ii) and subsequent to promulgation, contrary to R.C.M. 1107(f)(2), it was not a nullity, it was merely erroneous.

And, we find that the error was procedural rather than substantive and did not materially prejudice the rights of the appellant.[2]

Because of the procedures that were followed subsequent to the convening authority's action, including advice as to the meaning of the sentence approved by the convening authority, procedures and advice that had no legal effect, we will state the legal effect of the convening authority's action of 26 June 1987. The findings are affirmed and only so much of the sentence as provides for three months confinement, a $1200.00 fine (with an additional three months confinement, if the fine is not paid), reduction to pay grade E–3, and a bad-conduct discharge as suspended for the period of confinement and one year thereafter is affirmed. A new court-martial order should be promulgated to reflect the correct findings.[3]

Chief Judge BYRNE and Judge GLADIS concur.

---

2. Appellant does not assert any prejudice. *Cf. United States v. Murray,* 25 M.J. 445 (C.M.A. 1988).

3. In this regard we note that the court-martial order dated 26 June 1987 fails to reflect the circumstances surrounding the numbering of the charges and thus inaccurately reflects the pleas and findings. The military judge dismissed original Charge II and Charge III as multiplicious with Charge I for findings purposes. Charge IV was renumbered as Charge II. The appellant thereupon plead not guilty to both Charge I and Charge II as renumbered and was found not guilty of Charge I and its specifications and guilty of the renumbered Charge II and its specifications.