**UNITED STATES, Appellee,**

v.

**Specialist Four Allen D. LOHRMAN, 482–82–1145, United States Army, Appellant.**

**ACMR 8701627.**

U.S. Army Court of Military Review.

29 April 1988.

For Appellant: Major Stewart C. Hudson, JAGC, Captain William E. Slade, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Carlton L. Jackson, JAGC, Captain Jody M. Prescott, JAGC (on brief).

Before FELDER, GILLEY and ROBBLEE, Appellate Military Judges.

## OPINION OF THE COURT

GILLEY, Judge:

Pursuant to his pleas, the appellant was found guilty of dishonorably failing to maintain sufficient funds in a bank account to pay checks totalling $2,250.00 (six specifications), stealing blank checks from his roommate, Sergeant D (two specifications), wrongfully appropriating Sergeant D's military identification card (two specifications), and stealing $700.00 and $650.00 from the United States government (two specifications), in violation of Articles 134 and 121, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 934 and 921 (1982). The military judge, sitting as a general court-martial, sentenced the appellant to a dishonorable discharge, confinement for thirteen months, and reduction in grade to Private E–1. The convening authority approved the sentence.

The appellant contends, through counsel and personally, that he suffered prejudicial harm because the staff judge advocate informed the convening authority erroneously that the appellant had pleaded guilty to and been found guilty of two specifications of uttering checks in the amounts of $700.00 and $650.00, with the intent to defraud, in violation of Article 123a, UCMJ, 10 U.S.C. § 923a (1982). The convening authority had dismissed these specifications on 14 July 1987 when he referred to trial and accepted a pretrial agreement regarding the charges of which the appellant was found guilty. The staff judge advocate served the trial defense counsel with the erroneous recommendation on 17 August 1987. On 21 August 1987 the trial defense counsel elected not to submit any matters in response. The order promulgating the convening authority's action stated that the appellant pleaded guilty to and was found guilty of the dismissed charge and specifications. We agree that the staff judge advocate misinformed the convening authority, but find it appropriate to apply the waiver rule because of the trial defense counsel's failure to respond to the recommendation.

An approved sentence cannot be affirmed if a staff judge advocate's recommendation has substantially misled a convening authority as to fact or law. *United States v. Dowell*, 15 M.J. 351, 353 (C.M.A. 1983). However, failure by the trial de-

fense counsel to comment on errors in the staff judge advocate's recommendation waives them in the absence of plain error. Manual for Courts-Martial, United States, 1984, Rule for Courts–Martial [hereinafter M.C.M., 1984 and R.C.M., respectively] 1106(f)(6). "Plain error" does not have a fixed definition. *United States v. Huffman*, 25 M.J. 758, 760 (N.M.C.M.R.1987). Nevertheless, military appellate courts have consistently defined the concept in a variety of contexts to include only those errors that are not only obvious and substantial, but that also "seriously affect the fairness, integrity or public reputation of judicial proceedings." *United States v. Fisher*, 21 M.J. 327, 328 (C.M.A.1986), *quoting from United States v. Atkinson*, 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555 (1936) (erroneous advice on instructional errors); *see United States v. Huffman*, 25 M.J. at 759 (erroneous advice of staff judge advocate to convening authority that the accused pleaded guilty when he in fact pleaded not guilty); *United States v. Beaudion*, 11 M.J. 838 (A.C.M.R. 1981) (erroneous advice on the admissibility of records of nonjudicial punishment). Application of the plain error standard requires us to review the error in the context of the entire record. *See United States v. Fisher*, 21 M.J. at 328, *citing United States v. Young*, 470 U.S. 1, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985).[1]

■ We find in this case that the error in the staff judge advocate's recommendation does not constitute "plain error." The proceedings at trial and post-trial were not unfair to the appellant. The dismissed specifications described essentially the same misconduct of which he was found guilty and the appellant pleaded guilty to all charges and specifications referred to trial, pursuant to the referenced pretrial agreement. Thus, the convening authority had no asserted issue or need to examine the case for factual sufficiency to support guilt, unlike *United States v. Huffman*, 25 M.J. at 760, where the staff judge advocate led the convening authority to believe the contested case was uncontested.[2]

■ We also find the sentence adjudged was appropriate, and the convening authority would not have approved a lesser sentence or exercised clemency had the staff judge advocate's recommendation been correct. *Cf. United States v. Sales*, 22 M.J. 305, 309 (C.M.A.1986).[3] The convening authority had agreed to approve confinement no greater than twenty months of a maximum of fourteen years and six months for the offenses to which appellant pleaded guilty. We see no basis by which he would have reduced confinement below the thirteen months adjudged or would have exercised clemency, especially when the appellant did not request any relief regarding the sentence. Although we have considered the evidence of the appellant's good performance of assigned duties, we also observe that he had been punished nonjudicially under Article 15, UCMJ, 10 U.S.C. § 815, for wrongful use of marijuana, willful disobedience of a superior noncommissioned officer, and fail-

1. We note that a plain error-type exception predated the R.C.M. promulgated in 1984; failure to comment on substantial errors in the staff judge advocate's recommendation would not result in the waiver postulated in *United States v. Goode*, 1 M.J. 3, 6 (C.M.A.1975). In *United States v. Moles*, 10 M.J. 154, 158–159 (C.M.A. 1981), improper material in a staff judge advocate's recommendation could cause "devastating impact on a nonlawyer reviewing authority;" accordingly, the court set aside the action regarding the sentence. *See United States v. Morrison*, 3 M.J. 408, 409 (C.M.A.1977) (ambiguous summary of evidence did not preclude applying *Goode's* waiver rule).

2. Rules for Courts–Martial 1107(a) and 1107(c), discussion, provide that the convening authority may, but is no longer required to review the record for factual sufficiency. Accordingly, pre-M.C.M., 1984 cases setting aside actions that misinformed the convening authority on an accused's pleas do not govern. *See, e.g., United States v. Garcia*, 1 M.J. 77, 78 (C.M.A.1975).

3. The failure of trial defense counsel to respond to the erroneous recommendation was not ineffective assistance of counsel because the appellant was not "deprive[d] of a fair trial, a trial whose result is reliable." *United States v. Scott*, 24 M.J. 186, 188 (C.M.A.1987), *quoting and applying Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). *See also United States v. Means*, 20 M.J. 522, 528 (A.C.M.R.1985).

ure to report to his place of duty, all committed while he was a noncommissioned officer. Further, he had been barred from reenlistment.

In examining this case for plain error, we also consider whether we should take corrective action to protect the integrity and public reputation of the court. *United States v. Fisher*, 21 M.J. at 328. Misstatements in post-trial recommendations and failure of counsel to discern these mistakes when they review the recommendation indicate a lack of care by those military lawyers charged to apply correctly today's simplified procedures in the processing of cases. *See United States v. Huffman*, 25 M.J. at 760–61. But the problem in this case is isolated. We expect no recurrence, which could warrant judicial action to help prevent such mistakes. *Cf. United States v. Narine*, 14 M.J. 55, 57–58 (C.M.A.1982) (requiring new action when addendum to staff judge advocate's review contained new matter and not served on trial defense counsel, regardless of actual prejudice shown); *United States v. Goode*, 1 M.J. 3, 4 (continual claims of error in staff judge advocate post-trial reviews required a new action in that case and corrective action to require service on trial defense counsel in future cases); *United States v. Economu*, 2 M.J. 531, 534 n. 9 (A.C.M.R.1976) (new staff judge advocate review required as a "salutary measure").

The findings of guilty and the sentence are affirmed.

Senior Judge FELDER concurs.

Judge ROBBLEE took no part in the decision of this case.