**UNITED STATES, Appellee,**

v.

**Sergeant Miguel A. RIVERASOTO, 583–13–3749, United States Army, Appellant.**

**ACMR 8900678.**

U.S. Army Court of Military Review.

15 Sept. 1989.

For Appellant: Captain Keith W. Sickendick, JAGC, Captain Cynthia G. Wright, JAGC (on brief).

For Appellee: Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Martin D. Carpenter, JAGC, Captain Timothy J. Saviano, JAGC (on brief).

Before KANE, GILLEY, and NEURAUTER, Appellate Military Judges.

OPINION OF THE COURT ·

GILLEY, Judge:

Pursuant to his pleas, the appellant was found guilty of stealing five United States Treasury checks and subsequently negotiating them, in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921 (1984). Each specification states that the check was "of a value of about [its face amount]." The five checks totalled $3,928.00. A special court-martial sentenced the appellant to a bad-conduct discharge, confinement for one month, and forfeiture of "2/3 pay per month for 2 months." The convening authority approved that sentence.

The appellant asserts that partial forfeiture of pay should be expressed in whole dollar amounts rather than in fractions of the total pay. He cites Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial 1003(b)(2) and *United States v. McElyea*, 22 M.J. 863 (A.C.M.R. 1986), for that proposition.

The government joined in urging that we change the approved forfeitures to

a specific dollar amount. However, approval of court-martial sentences is governed by Rule for Courts-Martial 1107(d)(2). Under that Rule, the convening authority has discretion to approve a lawful sentence for the accused to forfeit pay even if the sentencing authority did not follow Rule for Courts-Martial 1003(b)(2). Expressing a sentence by a formula is simply not a jurisdictional error or defect affecting the legality of the sentence. Even though the Rule for Courts-Martial was not followed by the sentencing authority, the forfeitures imposed were not beyond the jurisdictional limit of a special court-martial. *Cf. United States v. Warner*, 25 M.J. 64, 67 (C.M.A. 1987) (Court of Military Appeals amended the portion of a sentence providing for total forfeitures to read "forfeiture of two-thirds pay per month until the discharge is executed").

In *United States v. McElyea*, this court corrected forfeitures to be stated in an even dollar amount. But, based on Rule for Courts-Martial 1107(d)(2) and *Warner*, the convening authority can approve and we can affirm a forfeiture stated in dollars and cents or as a fraction of an accused's pay.

However, we choose to make forfeitures in each case a specific dollar amount. Our enforcement of Rule for Courts-Martial 1003(b)(2) simplifies administration of court-martial sentences and essentially removes the risk that an excessive forfeiture will be collected based on applying an erroneous pay scale or making an arithmetic mistake. For example, here the appellant, as a sergeant was not specifically reduced to Private E1. Reduction occurred, however, by operation of Article 58(a), Uniform Code of Military Justice. An error could occur that would result in forfeiture of two-thirds of a sergeant's pay, which could result in no pay for the appellant as a Private E1. We are confident that staff judge advocates will address this matter in advising convening authorities on their action on future cases.

The appellant also contends that the sentence was inappropriately severe. He asserts that the pleas of guilty were provi-dent as to larceny of the checks, not larceny of funds equal to their face value. That view is erroneous. A negotiable check may be considered to have the value it represents at the time of the theft. *See* Manual for Courts–Martial, United States, 1984, Part IV, paragraph 46(c)(1)(g)(iii); *United States v. Sowards*, 5 M.J. 864, 865 (A.F.C. M.R.), *petition denied*, 6 M.J. 127 (C.M.A. 1978).

The findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for one month, and forfeiture of $466.00 pay per month for two months.

Senior Judge KANE and Judge NEURAUTER concur.