## UNITED STATES

v.

**Robert F. SMITH, 249 31 7966 Equipment Operator Constructionman Recruit (E–1), U.S. Naval Reserve.**

**NMCM 91 0872.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 23 Nov. 1990.

Decided 21 Feb. 1992.

---

Maj G.S. Warner, USMC, Appellate Defense Counsel.

CAPT Fred W. Vacca, JAGC, USNR–R, Appellate Defense Counsel.

CDR Edward F. Ward, Jr., JAGC, USNR–R, Appellate Defense Counsel.

LT J.C. Foster, JAGC, USNR, Appellate Government Counsel.

Before STRICKLAND, ORR and MOLLISON, JJ.

MOLLISON, Judge:

Consistent with his pleas, the appellant was found guilty of three counts of unauthorized absence and one count of wrongful use of marijuana in violation of Articles 86 and 112a of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 912a, respectively. A military judge sitting alone as a special court-martial sentenced the appellant to be confined for 75 days, to forfeit $440.00 pay per month for two months, and to be discharged from the naval service with a bad-conduct discharge. The convening authority approved the sentence without modification. The Court has before it nine assignments of error. Because of our disposition of one of the assignments of error, it is unnecessary for us to address the remainder. We address only the following:

DID THE CONVENING AUTHORITY ERR IN TAKING ACTION ON THE SENTENCE UPON THE RECOMMENDATION OF A "LEGAL OFFICER" WHO WAS NOT A COMMISSIONED OFFICER?

Article 60(d), UCMJ, 10 U.S.C. § 860(d), provides:

Before acting ... on any special court-martial case that includes a bad-conduct discharge, the convening authority ... shall obtain and consider the written recommendation of his staff judge advocate or legal officer.... The recommendation of the staff judge advocate or legal officer shall include such matters as the President may prescribe by regulation and shall be served on the accused, who may submit any matter in response.... Failure to object in the response to the recommendation or any matter attached to the recommendation waives the right to object thereto.

Pursuant to the foregoing authority and Article 36, UCMJ, 10 U.S.C. § 836, the President has promulgated Rule for Courts–Martial (R.C.M.) 1106, Manual for Courts–Martial (MCM), United States, 1984. R.C.M. 1106 also obliges the convening authority to have the recommendation of his staff judge advocate or legal officer before taking action on a record of trial by a special court-martial that includes a bad-conduct discharge. R.C.M. 1106(a). Similarly, it obliges the recommendation to be served on counsel for the accused and the accused before the recommendation is forwarded to the convening authority. R.C.M. 1106(f)(1). A 10–day comment period is afforded counsel following service. R.C.M. 1106(f)(4), (5). Thereafter the convening authority may take his action. R.C.M. 1106(f)(7). "Failure of counsel for the accused to comment on any matter in the recommendation or matters attached to the recommendation in a timely manner shall waive later claim of error with regard to such matter in the absence of *plain error.*" R.C.M. 1106(f)(6) (emphasis added). " 'Legal officer' means a commissioned officer of the Navy, Marine Corps, or Coast Guard designated to perform legal duties for a command." Article 1(12), UCMJ, 10 U.S.C. § 801(12); *see also* R.C.M. 103(20).

In this case the convening authority took action on the court-martial with the recommendation of an enlisted servicemember, not a commissioned officer, and therefore someone not qualified as a "legal officer" under the Code or Manual.[1] Trial defense

---

**1.** The best indication of the source of the recommendation is the signature on it. In this case there were two recommendations. The first was signed by a chief petty officer by direction

counsel did not take exception to the recommendation in this respect. The Government concedes, and we believe rightly so, that the submission of the recommendation by one who is not statutorily qualified constitutes error. *See United States v. Curry,* 28 M.J. 419 (C.M.A.1989); *United States v. Sparks,* 20 M.J. 985, 988 (N.M.C.M.R.1985). The Government argues, however, that the error is not "plain error" under R.C.M. 1106(f)(6), and therefore the lack of objection to the recommendations on this point by trial defense counsel waived the objection on appeal. The issue for us, then, is whether the submission of the legal officer's post-trial recommendation by someone not qualified to do so constitutes "plain error" which the appellant may now assert on appeal?

Recently, in *United States v. Lowry,* 33 M.J. 1035 (N.M.C.M.R.1991), we reviewed the concept of "plain error" and observed:

> "Plain error" is without a fixed definition. "Plain error" has been described variously as error that is both obvious and substantial, that is particularly egregious, that seriously affects the fairness, integrity or public reputation of judicial proceedings, or that requires appellate intervention to prevent a miscarriage of justice, protect the reputation and integrity of the court, or to protect a fundamental right of the accused. The "plain error" rule will be invoked only in exceptional circumstances to avoid a miscarriage of justice.... No hard and fast rule can be stated as to what errors in the staff judge advocate recommendation constitute "plain error."

33 M.J. at 1037–38 (citations and quotations omitted). It has also been observed that plain error must have an unfair prejudicial impact, that it must be evaluated against the entire record, and that a *per se* approach to plain error is flawed. *United States v. Rice,* 33 M.J. 451, 452 (C.M.A. 1991); *United States v. Fisher,* 21 M.J. 327, 328–29 (C.M.A.1986) (citing *United States v. Young,* 470 U.S. 1, 105 S.Ct. 1038,

84 L.Ed.2d 1 (1985)); *United States v. Ruiz,* 30 M.J. 867, 869 (N.M.C.M.R.1990).

Prior to 1983, a special court-martial with a sentence including a bad-conduct discharge would have been subjected to review and advice by the staff judge advocate of a general court-martial convening authority. *United States v. Due,* 21 M.J. 431, 432 (C.M.A.1986); 10 U.S.C. §§ 861, 865(b) (1982); MCM, 1969 (Rev.), ¶¶ 84*d,* 85*a,* 91*b,* 94*a* (3). Under the old system, the signature of the staff judge could not veil its true authorship. *United States v. Hardy,* 11 U.S.C.M.A. 521, 29 C.M.R. 337 (1960). On the other hand, the erroneous omission of the staff judge advocate's signature was not prejudicial. *United States v. Brunson,* 47 C.M.R. 363 (A.C.M.R.1973); *United States v. Self,* 44 C.M.R. 612 (A.C.M.R.1971). Early cases did not concern the "plain error" rule because at that time there was no provision for defense comment on the staff judge advocate's post-trial advice. That opportunity was not mandated until 1975. *United States v. Goode,* 1 M.J. 3, 6 (C.M.A.1975). After 1975, military courts continued to wrestle with what matters or omissions in the staff judge advocate's review would be waived by a failure to comment and what would not. *E.g., United States v. Moles,* 10 M.J. 154 (C.M.A.1981) (failure to object to use of post-trial interview not waived); *United States v. Morrison,* 3 M.J. 408 (C.M.A. 1977) (failure to comment on evidentiary matters waived later claim of inadequate review); *United States v. Barnes,* 3 M.J. 406 (C.M.A.1977) (failure to comment on evidentiary matters waived later claim of inadequate review).

In 1983, Congress amended the Code to simplify the post-trial review process.[2] However, post-trial review by legal officers and staff judge advocates was not eliminated. *Due,* 21 M.J. at 432; *United States v. Huffman,* 25 M.J. 758, 761 (N.M.C.M.R. 1987). Since then, we have held, for example, that the staff judge advocate's omission of the military judge's clemency rec-

---

of the legal officer. The second recommendation was signed by the chief petty officer as the legal officer.

**2.** Military Justice Act of 1983, Pub.L. No. 98–209, § 5(a)(1), 97 Stat. 1393 (1983).

ommendation and incorrect advice as to both findings and pleas constituted plain error. *United States v. McLemore*, 30 M.J. 605 (N.M.C.M.R.1990); *Huffman*, 25 M.J. at 760. In *Lowry* we suggested additional factors to be considered in determining whether an error in the legal officer's recommendation constituted "plain error:" (1) whether the error is an omission or is an affirmative misstatement; (2) whether the matter is material and substantial; and (3) whether there is a reasonable likelihood the convening authority was misled by the error. *Lowry*, 33 M.J. at 1038. We were, of course, concerned with the content of the recommendation, not something as fundamental as whether it is plain error for there to be no recommendation or one penned by someone not statutorily qualified to do so. We have also held that a staff judge advocate's recommendation, prepared by a judge advocate not formally designated as the convening authority's staff judge advocate, would not be held erroneous in the absence of showing of specific prejudice to the accused. *Sparks*. In the appellant's case we are, however, concerned with neither a ghost-written legal officer's recommendation nor an administrative oversight. We know who signed the recommendation and under the circumstances must presume the signatory prepared it. The preparer was neither a judge advocate nor a commissioned officer.

In *United States v. Murphy*, 26 M.J. 658 (N.M.C.M.R.1988), the convening authority took his action without the benefit of a staff judge advocate or legal officer recommendation and promulgated that action. Apparently following the old procedures, the convening authority forwarded the record to the officer exercising general court-martial jurisdiction. When the staff judge advocate learned that the convening authority had acted prematurely, he prepared a staff judge advocate's recommendation for the convening authority, returned the record and the recommendation to the convening authority, and advised that the first convening authority's action was a nullity because it had been taken without a staff judge advocate's recommendation. The convening authority canceled his first action and issued a new one. A panel of this Court opined that once the action by the convening authority had been promulgated, it could not be withdrawn without our direction; that the first action was not a nullity, it was merely erroneous; and, that the error (taking action without a recommendation) was only procedural and did not materially prejudice the rights of the appellant. *Id.* at 659. We did not employ a plain error analysis.

In *United States v. Dunbar*, 28 M.J. 972 (N.M.C.M.R 1989), *aff'd*, 31 M.J. 70 (C.M.A. 1990), we said virtually the same thing.[3] There the convening authority's action preceded the staff judge advocate's recommendation by 9 days. We again observed that the premature action was erroneous, not null and void; that the error related to a procedural, vice substantive, matter; that the error did not materially prejudice the appellant; and, that it was harmless. We also took note of the fact that the trial defense counsel elected not to take issue with the recommendation of the staff judge advocate, albeit after the fact. Again, we did not explicitly employ a "plain error" analysis.[4]

Both *Murphy* and *Dunbar* relied on *United States v. Murray*, 25 M.J. 445 (C.M.A.1988). In *Murray* the United States Court of Military Appeals was called upon to determine whether the absence of the staff judge advocate's *pretrial advice* deprived the ensuing court-martial of its

---

**3.** This issue was not addressed in the appeal to the Court of Military Appeals.

**4.** In *Murphy* and *Dunbar* we need not have been concerned with the jurisdiction of the convening authority to act. We might just as easily have applied the "plain error" analysis and have concluded that a tardy legal officer's recommendation is either not plain error unless some defect in it can be identified, or that there was

plain error, but under the circumstances it was remedied. In fact, in *Murphy* we did not return the record for a new convening authority's action for reasons of "judicial economy." *Murphy* 26 M.J. at 659. *See* S. Saltzburg & K. Redden, *Federal Rules of Evidence Manual* 32 (4th ed. 1986), concerning how the concepts of "plain error" and "harmless error" may be combined in an evidentiary context.

*jurisdiction.* Citing the legislative history of the Military Justice Act of 1983 and existing precedent, the Court concluded that it did not. *United States v. Ragan,* 14 U.S.C.M.A 119, 33 C.M.R. 331 (1963). The Court instead confirmed an "actual prejudice" test and the rule of waiver. The trial court is unquestionably the best forum to entertain complaints about pretrial matters, to take evidence on them, to render essential findings and to take corrective action, if necessary. Quite logically, an accused who chooses to forego that opportunity will generally not be heard to complain about the matter for the first time on appeal. We are not concerned here, however, with pretrial process. We are concerned with post-trial review and action.

Post-trial review exists more than just for the benefit of the accused. It exists for the benefit of reviewing authorities, most notably the convening authority. It exists to ensure the integrity of the court-martial process. We note there is no provision in the Code or the Manual for the accused to waive in its entirety the staff judge advocate/legal officer recommendation or the judge advocate's review under Article 64. 10 U.S.C. § 864; R.C.M. 1112. The legal officer's recommendation is more than the collating of data from the record of trial. *See Sparks,* 20 M.J. at 988. It must include "a specific recommendation as to the action to be taken by the convening authority." R.C.M. 1106(d)(3)(E). The fact this function is more than ministerial in nature suggests we must strictly respect Congress' direction concerning the authorities who will perform it. We believe the responsibility to submit the legal officer's recommendation may not be abrogated by the legal officer, the convening authority, this Court, or the accused. Only Congress and the President have that prerogative. We can scarcely conceive of an error that could be more obvious or more substantial than no legal officer recommendation at all. Standing next to that is a recommendation prepared by someone who is not authorized to do so. If no legal officer recommenda-

tion or one prepared by someone other than a legal officer is not plain error, it is difficult to imagine to what the "plain error" rule was intended to apply.

It may be suggested that if we are faithful to the proposition that "plain error" cannot be applied *per se,* we must examine each case in which there is no legal officer/staff judge advocate recommendation or in which the recommendation has been made by someone not authorized to do so to determine whether the appellant has been specifically prejudiced by the error. We, of course, stand ready to do so in all events, but "[w]hen recommendations and the exercise of broad discretion are involved, appellate courts are limited in discerning what the outcome might have been in the absence of the error." *United States v. McCormick,* 34 M.J. 752, 755 (N.M.C.M.R.1992). We are particularly disinclined to consider on an individual basis the qualifications of someone who is not statutorily authorized to make the recommendation. In this case, we simply have no way of knowing what the qualifications of the chief petty officer who prepared and signed the recommendation are or what action the convening authority would have taken had he had the recommendation of a legal officer.[5] On these points we simply will not speculate.

Finally, for several years now we have urged greater attention to detail in staff judge advocate/legal officer recommendations. *Lowry; Ruiz; McLemore; Huffman.* Claims of error respecting these recommendations continue to be the source of considerable appellate litigation. This phenomenon may have explanations unrelated to the performance of legal officers and staff judge advocates. But, unless legal officers and staff judge advocates are obliged at a minimum to vouch personally for the content of these recommendations, we cannot honestly expect an improvement in this facet of military justice.

We conclude the submission of the legal officer review by someone who is not a

---

5. We in no sense demean the role of enlisted personnel in the administration of military justice. Suffice to say the system could not func-

tion without its paralegal and administrative support.

commissioned officer constitutes plain error and an accused may raise the issue on appeal irrespective of the absence of an objection by his trial defense counsel. Accordingly, the action of the convening authority is set aside, and the record of trial is returned to the Judge Advocate General for transmission to the convening authority for a legal officer or staff judge advocate's recommendation and a new convening authority's action.

Senior Judge STRICKLAND and Judge ORR concur.