UNITED STATES, Appellee,

v.

Private E1 Benjamin L. YARBROUGH, Jr., 414–65–3632, United States Army, Appellant.

ACMR 9201814.

U.S. Army Court of Military Review.

23 March 1993.

For Appellant: Major Robin L. Hall, JAGC, Captain Antonier L. White, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Timothy W. Lucas, JAGC, Captain Glenn L. Kirschner, JAGC (on brief).

Before CREAN, GONZALES, and DELL'ORTO, Appellate Military Judges.

## OPINION OF THE COURT

DELL'ORTO, Judge:

In accordance with his pleas, the appellant was found guilty, at a general court-martial composed of officer members, of eight specifications of wrongfully obtaining telephone services under false pretenses, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1982) [hereinafter UCMJ]. The appellant was sentenced to a bad-conduct discharge, confinement for twelve months, and total forfeitures. Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence as provides for a bad-conduct discharge, confinement for six months, and forfeiture of two-thirds pay and allowances for six months.

The appellant asserts that the convening authority's action in approving a fractional amount of forfeitures is improper because it fails to state the amount of forfeitures in whole dollars. Although not the preferred method of stating the amount of forfeitures, "[e]xpressing a sentence by a formula is simply not a jurisdictional error or defect affecting the legality of the sentence." *United States v. Riverasoto*, 29 M.J. 594, 595 (A.C.M.R.1989). Nevertheless, stating the forfeitures in whole

dollars is preferable because it, "simplifies administration of court-martial sentences and essentially removes the risk that an excessive forfeiture will be collected based on applying an erroneous pay scale or making an arithmetic mistake." *"Id.; accord United States v. Taulbee*, 29 M.J 1014, 1015 (A.C.M.R.1990). We will use the preferred method in the decretal paragraph.

More troublesome to this Court, however, is the consistent lack of attention to detail that permeates the negotiation and implementation of the quantum portion of the pretrial agreement in this case and culminates in the errors we will address below. Only the military judge stands without blame in this matter. His attempts, however, to alleviate the confusion on the issue of sentence limitation were frustrated by multiple post-trial administrative errors.

As a harbinger of the type of errors that will be addressed *infra*, we note that early in the court-martial, the military judge chastised the trial counsel for an undated court member excusal memorandum purportedly signed by the division commander that improperly reflected his rank as major, as well as the last-minute negotiation of the contents of the stipulation of fact required by the pretrial agreement. Prior to commencement of the providence inquiry, the military judge had the trial counsel explain why the judge had erroneously been provided a draft charge sheet that failed to reflect pre-preferral changes to one of the specifications. The military judge supplemented this explanation by remarking, "this is not the first time that this has happened to me and that people need to start paying more attention."

The trial defense counsel initiated the sequence of errors creating the issue in this case when she submitted the appellant's offer to plead guilty to the convening authority with both erroneous and inconsistent sentence limitations.[1] The convening

---

1. Appendix I to the Offer to Plead Guilty stated the following:

    I, Private (E–1) Benjamin L. Yarbrough, offer to plead guilty to the Charge and Specifications stated in the offer provided the conven-

ing authority will not approve a sentence in excess of a bad-conduct discharge, forfeiture of two-thirds pay and allowances per month for six months, and confinement for six months. This is subject to the following:

authority accepted the offer, presumably on the advice of the staff judge advocate. During the providence inquiry, the military judge perceptively noted that allowances could not be forfeited unless total forfeiture of pay was adjudged and approved. He also noted the internal inconsistency of having the convening authority agree, on the one hand, to approve no confinement in excess of six months, and, on the other, suspend any adjudged confinement that exceeded six months for twenty-four months.

The military judge twice clarified the provisions of the sentence limitation contained in the pretrial agreement. At the conclusion of the providence inquiry the following colloquy occurred:

MJ: During our discussions with counsel, do you agree that I correctly stated the sentence limitations contained in your pretrial agreement?

ACC: Yes, sir.

MJ: That is, no dishonorable discharge—that is, if the court were to adjudge a dishonorable discharge, the convening authority could approve a bad conduct discharge, that if confinement is adjudged, the convening authority can approve that confinement but must suspend any confinement in excess of 6 months for 24 months, and that depending on what type of forfeitures are imposed, the convening authority will not approve any forfeitures in excess of—, in essence, of excess of two-thirds pay per month for 6 months, and that you will be entitled to retain any allowances to which you may be entitled. Is that your understanding?

ACC: Yes, sir.

Later, after the court members had announced the sentence of a bad-conduct discharge, total forfeitures, and confinement

> It is agreed that the Convening Authority will suspend for 24 months from the date the Convening Authority takes action, any confinement adjudged in excess of six months;
> That unless sooner vacated, the suspended portion of the sentence will be remitted at the end of 24 months, without further action and;
> That the suspended portion of the sentence may be vacated by the Convening Authority if the accused violates any punitive article of the UCMJ which authorizes a punitive discharge.

for twelve months, the military judge, in an Article 39(a), UCMJ, session, had the following discussion with all parties concerning the impact of the pretrial agreement sentence limitation on the adjudged sentence:

MJ: Private Yarbrough, we earlier discussed the Appendix to your offer to plead guilty. Do you have a copy of that available?

DC: Yes, Your Honor.

MJ: Now as I interpret the agreement, keeping in mind everything we said earlier, the convening authority can approve the bad conduct discharge, may approve only so much of the forfeitures as provided for a forfeiture of two-thirds pay, and that would be $523.00 pay per month for 6 months, and may approve the confinement adjudged by the court, that is 12 months confinement, but must suspend all confinement in excess of 6 months for 24 months. That period of suspension starting at the time the convening authority takes action. Is that the way you interpret the agreement with the convening authority, Private Yarbrough?

ACC: Yes, sir.

MJ: Trial counsel, is that you [sic] understanding?

TC: Yes, Your Honor.

MJ: And I asked Private Yarbrough. Captain ... [C], is that your understanding as well?

DC: Yes, Your Honor.

Given the military judge's efforts in clarifying the sentence limitation to everyone's satisfaction, the matter should have been resolved at that point. It was not. The staff judge advocate's recommendation misadvised the convening authority of the pretrial agreement sentence limitation.[2]

2. The recommendation stated, in pertinent part:
> g. Pretrial agreement: The accused pled guilty pursuant to a pretrial agreement in which you agreed not to approve a sentence in excess of a bad-conduct discharge, forfeiture of two-thirds pay and allowances per month for six months, and confinement for six months.
> 3. RECOMMENDATION: That you approve the sentence adjudged, (within the limits of the pretrial agreement), and except for that

The trial defense counsel failed to note this error in her post-trial submissions after having been served with a copy of the staff judge advocate's recommendation. Finally, and not surprisingly, the convening authority's action was erroneous.[3]

■■■ There are three errors in the convening authority's action. First, the action approves only six months' confinement, instead of the twelve months adjudged by the court and permitted under the terms of the pretrial agreement, as twice clarified by the military judge. Secondly, the action makes no provision for any period of confinement to be suspended, contrary to the express terms of the pretrial agreement. Each of these first two errors operates to the appellant's benefit. Thirdly, the action erroneously approves a forfeiture of allowances where only partial forfeiture of pay was approved. Though consistent with the terms of the pretrial agreement offer, allowances may be forfeited only where there is a total forfeiture of pay, as the military judge correctly noted. *See United States v. Burum*, 30 M.J. 1075, 1078 (A.C.M.R.), *pet. denied*, 32 M.J. 220 (C.M.A.1990). Obviously, this error did not operate to the appellant's benefit.

None of these errors need have occurred. The errors and ambiguities in the pretrial agreement, staff judge advocate's recommendation, and convening authority's action provide a basis for this Court to set aside the action and return the case to the convening authority for a new action. *United States v. McIntosh*, 25 M.J. 837, 839 (A.C.M.R.1988). Nevertheless, we lack

confidence that the staff judge advocate and his office staff could properly resolve these ambiguities, correct these errors, and correctly advise the convening authority, because they failed to take advantage of the military judge's commendable efforts to accomplish this on the record.[4] In the interests of judicial economy, we will take corrective action at this level. In so doing, we will resolve all the inconsistencies in the appellant's favor. *Id.*

We have carefully considered the other errors raised by the appellant, including those personally raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find all to be without merit.

The findings of guilty are affirmed. Reassessing the sentence on the basis of the errors noted and the entire record, and considering *United States v. Sales*, 22 M.J. 305 (C.M.A.1986), the Court affirms only so much of the sentence as provides for a bad-conduct discharge, forfeiture of $523.00 pay per month for six months, and confinement for six months.

Judge GONZALES concurs.

CREAN, Senior Judge, concurring:

I write separately to highlight my strong disappointment at the shoddy workmanship in this case and the need for legal personnel in the military justice system to perform their duties properly and professionally. Judge Dell'Orto's opinion very carefully lays out the errors in the case and the responsibilities of the various parties for

---

part of the sentence extending to a bad-conduct discharge, order it executed....

3. That action reads:
   In the case of Private Benjamin L. Yarbrough, 414–65–3632, U.S. Army, ... only so much of the sentence as provides for forfeiture of two-thirds pay and allowances per month for six months, confinement for six months, and a bad-conduct discharge is approved, and except for that part of the sentence extending to a bad-conduct discharge will be executed. Private Yarbrough will be granted 9 days credit towards his confinement.
   This is the only action signed by the convening authority that appears in the record. We assume that it is the only action he signed. Manual for Courts–Martial, United States, 1984, Rule

for Courts–Martial 1103(b)(2)(D)(iv) (C5, 15 Nov. 1991).

4. In two corrected promulgating orders, General Court–Martial Order Number 33, Headquarters, 2d Infantry Division, dated 16 October 1992, personnel of the staff judge advocate's office not only failed to reflect an action consistent with the parties' in-court agreement with what the military judge discerned as the sentence which the convening authority could approve or one consistent with the signed original (albeit erroneous) action of the convening authority, but also included a suspension of forfeitures provision that had not been mentioned in the pretrial agreement offer, during the trial, or at any time post-trial.

those errors. We are thankful for the excellent work of Judge Gordon, the trial judge. Only through his efforts were the appellant's rights protected. We share his frustration at the improper administration of justice.

We do not single out this particular command or this particular staff judge advocate for the errors noted and our displeasure. But, the problems with this case spotlight the type of glaring errors this Court sees so frequently. My concern is not with the legal requirements of the system, which is done professionally, but with the administration of the system. Too many cases before this Court are so replete with senseless administrative errors that someone viewing the military justice system from the outside could conclude that it was being administered by a group of bumbling idiots out of a "Looney Tunes" cartoon rather than what is actually a professionally administered system. Incidents of poor administration reflect adversely on the United States Army and may harm the soldiers who make up this Army.

As Judge Dell'Orto points out, these errors need not have occurred. A few minutes of time by a lawyer paying attention to what was happening would have prevented the errors. The military judge provided the staff judge advocate, his personnel, and the trial defense personnel all the right answers. They hardly had to think, just execute a simply administrative task. Because there was no attention to detail and a lack of proper supervision, this case is an abomination.

Military justice has earned a reputation in the legal community for its excellence of administration. It is time for legal personnel to get back to the hallmark of the military justice system—an attention to detail and a meticulous work product unequalled in the legal community.