# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
HAIGHT, PENLAND, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist BAILEY J. BROOKS**
**United States Army, Appellant**

ARMY 20131043

Headquarters, 10th Regional Support Group
Wendy P. Daknis, Military Judge
Lieutenant Colonel May L. Nicholson, Staff Judge Advocate (recommendation)
Major John F. Harwood, Acting Staff Judge Advocate (addendum)

For Appellant: Major Christopher D. Coleman, JA; Captain Ryan T. Yoder, JA (on reply brief); Colonel Kevin M. Boyle, JA; Major Aaron R. Inkenbrandt, JA; Captain Ryan T. Yoder, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Major Steven J. Collins, JA; Captain Tara E. O'Brien, JA (on brief).

12 January 2016

---------------------------------
SUMMARY DISPOSITION
---------------------------------

WOLFE, Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to her pleas, of six specifications of failure to obey a general order or regulation, five specifications of failure to obey an order, one specification of drunk and disorderly conduct, and one specification of being incapacitated for duty as a result of the wrongful prior overindulgence in intoxicating liquor, in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 934 [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for two months, forfeiture of $1010.00 pay per month for two months, and reduction to the grade of E-1. The convening authority approved the adjudged sentence and credited appellant with sixty days of confinement.

Appellant's case is now before this court pursuant to Article 66, UCMJ. Appellant raises two assignments of error regarding the post-trial processing of her case, one of which merits discussion and relief. Appellant raises one matter

pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), which is without merit.

## DISCUSSION

Appellant was assigned to Kadena Air Base in Okinawa, Japan. In October 2013, she repeatedly violated general orders applicable to Soldiers serving in Japan that placed temporal and other restrictions on Soldiers going off-base. After each violation, appellant's command escalated the restrictions on her movement, dress, and alcohol consumption. Appellant's use of alcohol and bath salts played a prominent role in her downward spiral. Penultimately, appellant was placed on a 24-hour escort requirement. Finally, after eluding her escorts by climbing out a second story window, appellant was placed in pretrial confinement.

Appellant now alleges that it is impossible to determine whether the convening authority reviewed her clemency submissions under Rule for Courts-Martial [hereinafter R.C.M.] 1105. Because the post-trial errors in this case are both many and intertwined we recount them at some length.

Appellant's trial concluded on 10 December 2013. On 30 July 2014, the staff judge advocate (SJA) signed the Staff Judge Advocate Recommendation (SJAR) to the convening authority. The SJAR mistakenly identified that appellant had been tried at a general court-martial, incorrectly stated that appellant was due only forty-nine days of confinement credit, and failed to make *any* recommendation on what action the convening authority should take on the sentence. *See* R.C.M. 1106(d) ("The purpose of the recommendation of the staff judge advocate . . . is to assist the convening authority to decide what action to take on the sentence . . . .").[1]

In accordance with R.C.M. 1105 and 1106, appellant's trial defense counsel submitted matters on 13 September 2014. The defense counsel specifically requested that the convening authority "disapprove the punitive discharge." The convening authority took action on appellant's case approving the findings and sentence. The convening authority's action is hand-stamped "15 September 2014." The convening authority directed "60 days" of confinement credit.

An addendum to the SJAR is dated 16 September 2014—a day after the convening authority took action. The addendum included, as an attachment,

---

[1] Appellant's court-martial was completed before the significant overhaul of Article 60, UCMJ (Action by the Convening Authority), and subsequent corresponding changes to applicable Rules for Courts-Martial. *See, e.g.,* NDAA For Fiscal Year 2014, Pub. L. No 113-66, § 1702(b), 127 Stat. 955-57 (2013) ("Elimination of Unlimited Command Prerogative and Discretion; Imposition of Additional Limitations.").

appellant's clemency matters and the Report of Result of Trial. The addendum recommended that the convening authority approve the sentence, but again misstated that appellant was tried at a general court-martial. With regards to sentence credit, the addendum correctly reflected the military judge's determination that appellant was entitled to fifty-six days of credit, but then oddly stated that appellant was entitled to an additional five days of sentence credit for "good behavior" for a total of sixty-one days.

Upon receipt of the promulgating order, the trial defense counsel noticed that the addendum was dated after the date of the action and raised this concern to the government, thereby preserving the error. *See* R.C.M. 1106(f)(6). The defense counsel specifically asked for the convening authority's action on the clemency request, and stated in an email, "[r]ight now I have no idea whether [the convening authority] was even presented with the clemency appeal."

In response to the defense counsel's email, the OSJA prepared a legal memorandum, dated 30 September 2014, for the convening authority. The memorandum reads in its entirety "Your request to disapprove punitive charges for SPC Bailey J. Brooks is: Disapproved."[2] On its face, the document is unclear as to what disapproval of "punitive charges" means or what action the convening authority believed he was taking. The document does not list any attachments.

In response to this appeal, the government attached an affidavit from the Deputy Staff Judge Advocate (DSJA). The affiant stated the date of the addendum was correct, but the hand-stamped date of the convening authority's action was incorrect, and the action should have been dated 16 September 2014. The DSJA explained that the appointment with the convening authority was moved, and this caused the error in the dates. The affiant further stated that the 30 September memorandum was prepared "[t]o provide additional proof that the [c]onvening authority reviewed the clemency matters." Finally, and most importantly, the DSJA stated that the addendum and clemency matters were both taken in when the convening authority signed the action as well as the memorandum on 30 September 2014.[3]

---

[2] The convening authority was provided with an option of marking "Approved" or "Disapproved."

[3] The incorrect date on the action was repeated on the promulgation order and never corrected. Additionally, the promulgation order also stated that appellant was tried by a general court-martial, misstates the dates of some of the offenses, and omits entirely the convening authority's action in the case. Accordingly, we will order the correction of the promulgating order.

Accordingly, we are confident the convening authority properly considered appellant's matters prior to taking action in the case, and we need not return the case to the convening authority for a new action. *See* R.C.M. 1107(f). Nonetheless, the error-laden and excessively lengthy post-trial processing of this case leads us to echo the sentiments, if not the holding, we expressed in *United States v. Yarbrough*, 36 M.J. 1071, 1074 (A.C.M.R. 1993) ("[W]e lack confidence that the staff judge advocate and his office staff could properly . . . correct these errors, and correctly advise the convening authority. . . .").[4]

Although we find no substantive error, we must still determine the "appropriateness" of the sentence "in light of all circumstances." *United States v. Toohey*, 63 M.J. 353 (C.A.A.F. 2006). Given the cavalcade of errors, we do not believe approval of the forfeiture portion of the sentence to be appropriate.

## CONCLUSION

The findings of guilty are AFFIRMED. After considering the entire record, we AFFIRM only so much of the sentence as provides for a bad-conduct discharge and confinement for sixty days. All rights, privileges and property, of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision are ordered restored. *See* UCMJ arts. 58(b) and 75(a).

Senior Judge HAIGHT and Judge PENLAND concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[4] The record of trial does not include a pretrial advice from the staff judge advocate to the convening authority. *See* Army Reg. 27-10, Legal Services: Military Justice, para. 5-28.c (3 Oct. 2011) ("The servicing staff judge advocate will prepare a pretrial advice, following generally the format of [R.C.M.] 406(b).").