OPINION OF THE COURT
GIUNTINI, Judge: *
The appellant was convicted of various offenses and sentenced to a dishonorable discharge, confinement for twenty-seven months, and total forfeiture of pay and allowances. In return for appellant’s guilty plea, the convening authority had agreed to disapprove confinement in excess of eighteen months. The convening authority approved only sixteen months of confinement, forfeiture of all allowances, forfeiture of $420.00 pay per month for sixteen months, and a dishonorable discharge.
Prior to his court-martial, the appellant had been punished under the provisions of Uniform Code of Military Justice, art. 15, 10 U.S.C. § 815 (1982) [hereinafter UCMJ] for two of the many offenses for which he was convicted by court-martial. His nonjudicial punishment consisted of a reduction to Private El, forfeiture of $349.00 pay per month for two months, and forty-five days of extra duty and forty-five days of restriction.
In his post trial recommendation, submitted pursuant to Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial 1106 [hereinafter R.C.M.], the staff judge advocate correctly advised the convening authority that the appellant was entitled to credit for the prior nonjudicial punishment because double punishment is prohibited. United States v. Pierce, 27 M.J. 367 (C.M.A.1989) (an accused must not suffer actual punishment twice for an offense of which he is now convicted by court-martial and for which he had already received nonjudicial punishment).
The staff judge advocate further advised the convening authority, “[a]s the adjudged sentence exceeds the punishment agreed upon in the pretrial agreement and *1077 the accused has received nonjudicial punishment for [two of] the offenses ..., I recommend that only so much of the sentence as provides for a dishonorable discharge, confinement for sixteen months and forfeiture of all allowances and $420.00 pay per month for sixteen months be approved ____” Thus, with respect to confinement, the appellant’s time was reduced from twenty-seven months to eighteen months pursuant to the pretrial agreement, and further reduced from eighteen months to sixteen months because of the prior nonjudicial punishment. This was proper. See Pierce, 27 M.J. 369 at n. 5 (forty-five days of restriction and forty-five days of extra duty were [at least] the equivalent of fifty-two and one half days of confinement).
With regard to the court-martial sentence to total forfeitures of all pay and allowances, the convening authority also gave credit for the previously forfeited $349.00 pay per month for two months because of the prior punishment under UCMJ, art. 15. He approved the total forfeiture of allowances, but he then approved only partial forfeitures of $420.00 pay per month for sixteen months.[1] The issue is: may the convening authority approve total forfeiture of allowances while only approving partial forfeiture of pay, a sentence which could not legally have been adjudged by the court-martial.[2]
Earlier manuals for courts-martial answered the question straightforwardly. Manual for Courts-Martial, United States, 1951, Paragraph 88b [hereinafter MCM, 1951], stated: “[i]n determining what sentence, or part thereof, should be approved, the convening authority will be guided by the principles stated in [paragraph] 76.” Manual for Courts-Martial, 1951, paragraph 76a(1) stated: “the determination of a proper punishment for an offense rests within the discretion of the court subject to the limitations prescribed in chapter XXV____” Paragraph 126h(2), Chapter XXV, MCM, 1951, dealing with miscellaneous limitations on punishments, provided that: “[allowances are forfeited only when the sentence includes the forfeiture of all pay and allowances____” Read together, these manual provisions made clear that a court could not adjudge and a convening authority should not approve a sentence to forfeiture of allowances if the adjudged and approved sentence did not also include the forfeiture of all pay. Similar provisions were found in MCM, 1969, Paragraphs 88b, 76, and 126h(2). Service appellate courts have decided cases consistent with those provisions. United States v. Nelson, 1 C.M.R. 697, 698 (A.F.B.R.1951), United States v. Gordon, 7 M.J. 869 (A.C.M.R.1979), United States v. Kampf, 9 M.J. 593 (A.F.C.M.R.1980) and United States v. Michael, 44 C.M.R. 645 (A.C.M.R.1971) (allowances are not subject to forfeiture unless the approved sentence includes forfeiture of all pay and allowances).
Like its predecessor rules applicable to sentencing authorities, Rule for Courts-Martial 1003(b)(2) provides that a court-martial may not make allowances subject to forfeiture unless the sentence includes forfeiture of all pay and allowances. However, Rule for Courts-Martial 1107(d)(2) only says that the convening authority shall approve the sentence which is warranted by the circumstances of the offense and appropriate for the accused. Like the provisions in the Manual for Courts-Martial in 1951 and 1969, the Rules for Courts-Martial in the 1984 manual for courts-martial do not contain express language stating that the convening authority is subject to the exact same limitations as apply to sentencing authorities. It could be argued *1078 that only Rule for Courts-Martial 1107 need be considered in evaluating the convening authority’s action. See United States v. Bowen, 29 M.J. 779 (A.C.M.R.1989) (Rule for Courts-Martial 1107. Action by the Convening Authority, must be applied to determine propriety of the convening authority’s action, not Rule for Courts-Martial 1003, Punishments [by a court-martial]). However, the non-binding discussion to Rule for Courts-Martial 1107(d)(1) and (2) provides explanation and guidance which says the convening authority should consider, inter alia, Rule for Courts-Martial 1003, which allows a court-martial to adjudge forfeiture of allowances only if it also adjudges total forfeiture of pay. Thus, the same type of guidance to convening authorities found in the Manuals for Courts-Martial in 1951 and 1969 is provided in the current manual. We think these provisions should be interpreted now as they were previously.
Therefore, we find that allowances are not subject to forfeiture unless the approved sentence includes forfeiture of all pay and allowances.
The findings of guilty are affirmed. Only so much of the sentence is affirmed as provides for a dishonorable discharge, confinement for sixteen months, and forfeiture of $420.00 pay per month for sixteen months.
Senior Judge KUCERA and Judge GILLEY concur.

 Judge Charles H. Giuntini took final action on this case prior to -his retirement.

. The appellant’s nonjudicial punishment resulted in a forfeiture of $349.00 pay per month for two months, for a total forfeiture of $698.00. His total monthly pay entitlement on the day of trial was $699.00. Because of the convening authority’s credit, instead of total forfeiture of $699.00 pay per month for sixteen months, the appellant only has to forfeit $420.00 pay per month for sixteen months. In effect, this amounts to a credit of $279.00 pay per month for sixteen months, for a total credit of $4,464.00, well in excess of the $698.00 forfeited because of nonjudicial punishment.

. Rule for Courts-Martial 1003(b)(2) provides that a court-martial may not make allowances subject to forfeiture unless the sentence includes forfeiture of all pay and allowances (emphasis added).