**UNITED STATES, Appellee,**

v.

**Private E1 Darren L. WRIGHT, 236–11–7047, United States Army, Appellant.**

**ACMR 9102718.**

U.S. Army Court of Military Review.

30 Oct. 1992.

For Appellant: Captain Robin L. Hall, JAGC, Captain Michael Huber, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Captain Donna L. Barlett, JAGC, Captain Richard O.I. Brown, JAGC (on brief).

Before CREAN, GONZALES, and DELL'ORTO, Appellate Military Judges.

OPINION OF THE COURT

GONZALES, Judge:

Pursuant to his pleas, the appellant was found guilty by a military judge sitting as a general court-martial on 10 December 1991, of wrongful distribution of cocaine in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (Supp. V 1987) [hereinafter UCMJ]. The military judge sentenced the appellant to a dishonorable discharge, confinement for two years, and forfeiture of all pay and allowances. In compliance with the terms of a pretrial agreement, the convening authority approved the sentence as adjudged, but suspended for twelve months any confinement in excess of eighteen months. Additionally, in the exercise of his clemency powers, the convening authority suspended for twelve months the execution of forfeiture of four hundred dollars ($400.00) pay per month. It is the latter suspension that gives rise to the controversy in this case.

The appellant asserts that the convening authority erred when he ordered executed the forfeiture of allowances, but not the total forfeiture of pay.. In essence, the appellant argues that the convening authority could not properly order the execution of the forfeiture of allowances, unless he also ordered executed the total forfeiture of pay. Since the total forfeiture of pay was not executed, the appellant contends he should receive his monthly entitlement to allowances in addition to the partial pay of $400.00 per month he was receiving. We disagree.

In his submission to the convening authority pursuant to Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1105 [hereinafter R.C.M.], the appellant requested clemency for his family's benefit in the form of support in an amount equivalent to his basic allowance for quarters (BAQ). The convening authority granted the appellant's request, but permitted him to receive $400.00 pay per month,[1] an amount greater than the

---

1. The convening authority's action read:
   In the case of Private E1 Darren L. Wright, ..., U.S. Army, Company B, 1st Battalion (Mechanized), 12th Infantry, 4th Infantry Division (Mechanized), Fort Carson, Colorado, only so much of the sentence as provides for a dishonorable discharge, confinement for 2 years and forfeiture of all pay and allowances

   is approved and, except for that part of the sentence extending to a dishonorable discharge, will be executed, but the execution of that part of the sentence adjudging confinement in excess of 18 months, and $400.00 pay per month of that part of the sentence adjudging forfeiture of all pay and allowances, is suspended for 12 months, at which time, un-

BAQ rate of $302.10. In allowing the appellant to receive partial pay per month, the convening authority specified certain conditions in a four-paragraph memorandum pursuant to R.C.M. 1108.[2]

It is clear from his action, and his memorandum to the appellant, that the convening authority wanted the appellant to receive $400.00 pay per month, no more and no less, for the next 12 months.[3] The appellant, in turn, agreed to forward that same amount of money to his wife via a military allotment.[4]

The appellant relies on a decision of this Court which held that allowances are not subject to forfeiture unless the convening authority's approved sentence includes forfeiture of all pay and allowances. *United States v. Burum*, 30 M.J. 1075, 1078 (A.C.M.R.), *pet. denied*, 32 M.J. 220 (C.M.A.1990). In *Burum*, the convening authority approved a sentence of sixteen months' confinement, total forfeiture of all allowances, partial forfeiture of $420.00 pay per month for sixteen months, and a dishonorable discharge. The convening authority did not suspend any part of the approved sentence. This Court held that the convening authority could not approve total forfeiture of allowances when he contemporaneously approved only partial forfeiture of pay, because such a sentence could not legally be adjudged by a court-martial pursuant to R.C.M. 1003(b)(2).[5] *Id.*

■ The instant case, however, involves more than the sentence approval action that occurred in *Burum*. It concerns an action where the convening authority initially approved the entire sentence as adjudged, but then suspended part of it. We hold that the convening authority's action complied with *Burum* when it included the phrase "forfeiture of all pay and allowances is approved and ... will be executed." The allowances became subject to forfeiture when the convening authority approved the forfeiture of all pay and allowances. At that point, under R.C.M. 1108(b), "[t]he convening authority may, after approving the sentence, suspend the execution of all or any part of the sentence of a court-martial except for a sentence of death." The convening authority's decision to subsequently suspend a part of the approved forfeitures was within his "sole discretion" statutory powers under Articles 60 and 71, UCMJ, 10 U.S.C. §§ 860, 871.

■ Approval of and suspension of an adjudged sentence are two separate and distinct acts. The holding in *Burum* applies solely to the former. Therefore, the convening authority did not err when, after he approved the adjudged sentence, he sus-

less the suspension is sooner vacated, the suspended part of the sentence will be remitted without further action.

2. The memorandum provided, in part, as follows:
    2. There are two conditions you must satisfy under the suspension of that part of the sentence adjudging forfeiture of pay. First you must not violate any article of the Uniform Code of Military Justice during the suspension period. Second, during the suspension period you must continue the voluntary support of dependent allotment you initiated to your wife on 13 January 1992 for the support of your wife and children.
    3. If during the suspension period you violate either term of suspension, the suspension of the forfeiture of $400.00 pay per month may be vacated by competent authority and that part of the sentence may be ordered executed....

3. In accordance with Dep't of Defense, Military Pay and Allowances—Entitlements Manual,

para. 10317e (9 Mar. 1992) [hereinafter DOD Pay Manual], the appellant will enter a no-pay status on his expiration of term of service (ETS) date. Thus, the appellant's $400.00 allotment to his wife should have ended on 22 September 1992, eight months after the convening authority's action.

4. The appellant was precluded from initiating an allotment to his wife between 19 November 1991, the date of referral, and 14 January 1992, the date of the action, in accordance with para. 60108e(1), DOD Pay Manual. Notwithstanding this provision of the DOD Pay Manual, it appears that the appellant's allotment request of 13 January 1992, was effective in initiating the $400.00 allotment to his wife.

5. Rule for Courts–Martial 1003(b)(2) provides that a court-martial may not make allowances subject to forfeiture unless the sentence includes forfeiture of all pay and allowances.

pended the partial forfeiture of $400.00 pay per month.[6]

We have considered the remaining assignments of error, including the severity of the punishment raised personally by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), and find no relief is warranted. On the basis of our review of the record, we find that the approved sentence was appropriate and not excessively severe.

The findings of guilty and the sentence are affirmed.

Senior Judge CREAN and Judge DELL'ORTO concur.

---

**6.** Both this Court and the United States Court of Military Appeals have warned about using the allotment process in conjunction with the conditional suspension of forfeitures in a convening authority's action. *See* Judge Johnston's opinion, concurring in part and dissenting in part, in *United States v. Cowan*, 32 M.J. 1041, 1045 (A.C.M.R.1991), *aff'd*, 34 M.J. 258 (C.M.A.1992). This case presents yet another reason why such actions should be exercised with caution. Once copies of the action are forwarded, as in this case, to the appropriate Finance and Accounting Office and the Regional Confinement Facility, it is difficult for those responsible for administering and enforcing the provisions of the action to recognize that the convening authority has imposed an allotment condition to the suspension of partial forfeitures. It is also difficult for the convening authority to continually ensure throughout the entire period of the suspension that the condition is being met by the appellant.